Genevieve **SCHULTE**, Appellant,

v.

Ernest L. **MARIK**, Appellee.

No. 13–85–333–CV.

Court of Appeals of Texas,
Corpus Christi.

Nov. 7, 1985.

Rehearing Denied Dec. 12, 1985.

Al Schulman, Smith, Schulman, Rawitscher & Carnahan, Houston, for appellant.

Alfred G. Allen, III, Houston, for appellee.

Before UTTER, SEERDEN, and BENAVIDES, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a judgment in a will contest admitting the will and a codicil to probate and awarding attorney's fees to appellee to be paid out of the estate. Neither party contests the trial court's judgment admitting the will or codicil to probate. We reverse that portion of the trial court's judgment awarding appellee attorney's fees.

The only issue before us is whether Section 243 of the TEX.PROBATE CODE[1] authorizes the recovery of attorney's fees from the estate by appellee, an "alternate or successor" independent executor, for "his necessary expenses" incurred in the proceedings below.

Stella Cykala died leaving a will and a codicil to the will. The codicil did not provide for the appointment of either an executor or administrator; the relevant portion of the will provided:

I hereby constitute and appoint my husband's niece, GENEVIEVE SCHUTTE [sic] to be Independent Executrix of this will and of my estate; or if said GENEVIEVE SCHUTTE [sic] fails to survive me, or if she fails or refuses to serve as Independent Executrix hereof, or if she dies, resigns or becomes unable to serve as Independent Executrix hereof after qualifying as such but prior to the final settlement of my estate *then,* in any such event, my nephew, ERNEST L. MARIK, shall be and serve as Independent Executor hereof *as alternate or successor* to GENEVIEVE SCHUTTE [sic]. . . . [emphasis ours]

Appellant filed an "Application for Probate of Will and Issuance of Letters Testamentary" to probate the will only. Appellee subsequently filed a contest to the probate of the will alone and sought to have the will *and* the codicil admitted to probate. Appellee also attempted to disqualify appellant from serving as independent executrix. The trial court thereafter issued an order admitting the will and codicil to probate and approving the appointment of appellant as independent executrix; and the court further ordered that "all costs of this proceeding, including the costs and reasonable attorney's fees of [appellee] Ernest L. Marik, which were and are necessary to the administration of this estate, be assessed against and paid out of the estate of Stella Cykala."

TEX.PROB.CODE ANN. § 243 provides:

When any person *designated as executor* in a will or in an alleged will, or as administrator with the will or alleged will annexed, defends it or prosecutes any proceeding in good faith, and with just cause, for the purpose of having the will or alleged will admitted to probate, whether successful or not, he shall be allowed out of the estate his necessary expenses and disbursements, including reasonable attorney's fees, in such proceedings.

Neither party has cited any cases, nor have we been able to find any, in which a person not specifically named in the will as *the executor* or appointed *as the administrator* has been awarded attorney's fees under TEX.PROB.CODE ANN. § 243 (Vernon Supp.1985) or its predecessor, TEX.PROB. CODE ANN. § 243 (Vernon 1980).[2] There

1. Tex.Prob.Code Ann. § 243 (Vernon Supp. 1985).

2. All cases which we have been able to find dealing with this subject have only awarded attorney's fees to one who was named in the

is good reason for this. The language of § 243 is quite clear. In order to recover attorney's fees from the estate, one must be a "person *designated* as executor ... or as administrator ..." [emphasis ours] TEX.PROB.CODE ANN. § 243 (Vernon Supp.1985). This provision of the Probate Code is plain and unambiguous and should be enforced according to its wording. *Central Education Agency v. Independent School District of City of El Paso*, 152 Tex. 56, 254 S.W.2d 357 (1953).

▮ Here, appellee was designated as "independent executor hereof *as alternate or successor* to said Genevieve Schutte [sic]...." [emphasis ours] The allowance of attorney's fees to an alternate or successor executor who does not subsequently qualify does not fall within the language of § 243. Therefore, appellee, not having been "named in a will as executor," but rather having been named as "alternate or successor" independent executor, is not entitled to recover attorney's fees under § 243 of the TEX.PROB.CODE.

▮ Appellee alternatively argues that the judgment of the trial court should be sustained because he is entitled to an award of attorney's fees under TEX.REV. CIV.STAT.ANN. art. 2524–1 § 2 (Vernon 1965) and § 10 (Vernon Supp.1985), commonly known as the Uniform Declaratory Judgment Act, which provides:

Sec. 2. Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a Statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, Statute, ordinance, contract, or franchise

and obtain a declaration of rights, status, or other legal relations thereunder.

\* \* \* \* \* \*

Sec. 10. In any proceeding under this Act the Court may make such award of costs and reasonable and necessary attorney's fees as may seem equitable and just.

This cause was originally filed as a probate proceeding in the County Court of Wharton County. It was subsequently transferred to the 329th District Court of Wharton County. No pleading was filed in the district court alleging that the proceeding was brought under the Declaratory Judgment Act or that a claim for attorney's fees was made thereunder. Appellee has not cited any authority for this contention and such contention is without merit.

We REVERSE and RENDER as to that part of the judgment awarding attorney's fees to appellee. The remaining portion of the trial court's judgment is AFFIRMED.

▮

will as *the executor of the estate. See, Wich v. Fleming*, 652 S.W.2d 353 (Tex.1983); *Miller v. Anderson*, 651 S.W.2d 726 (Tex.1983); *Russell v. Moelling*, 526 S.W.2d 533 (Tex.1975); *Salmon v. Salmon*, 395 S.W.2d 29 (Tex.1965); *Lang v. Shell Petroleum Corp.*, 138 Tex. 399, 159 S.W.2d 478 (1942); *Huff v. Huff*, 132 Tex. 540, 124 S.W.2d 327 (1939); *Travis v. Robertson*, 597

S.W.2d 496, (Tex.Civ.App.—Dallas 1980, no writ); *Blackmon v. Nelson*, 534 S.W.2d 439 (Tex. Civ.App.—Texarkana 1976, no writ); *Kitchens v. Culhane*, 398 S.W.2d 165 (Tex.Civ.App.—San Antonio 1965, writ ref'd. n.r.e.); *Casseb v. Sweeney*, 252 S.W.2d 209 (Tex.Civ.App.—San Antonio 1952, writ ref'd n.r.e.).