**In the Matter of J.A.H., a Juvenile.**

**No. 10–98–251–CV.**

Court of Appeals of Texas,
Waco.

July 7, 1999.

John A. Kuchera, Waco, for appellant.

Susan Shafer, Asst. District Attorney, Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE and Justice GRAY.

## O P I N I O N

REX D. DAVIS, Chief Justice.

The court below sitting as a juvenile court found that Appellant J.A.H. had engaged in delinquent conduct by committing the offense of injury to a child. *See* TEX. FAM.CODE ANN. § 54.03 (Vernon 1996 & Supp.1999); TEX. PEN.CODE ANN. § 22.04(a)(3), (f) (Vernon 1994). In the disposition hearing, the court made the findings required by section 54.04(c) of the Family Code and committed J.A.H. to the Texas Youth Commission without a determinate sentence. *See* TEX. FAM.CODE ANN. § 54.04(c), (d)(2) (Vernon 1996 & Supp. 1999).

J.A.H.'s appellate counsel filed a motion to withdraw from representation of J.A.H. with a supporting *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). We notified J.A.H. and his mother that J.A.H. had the right to respond to counsel's motion and brief, but no response has been filed. *See In re D.A.S.*, 973 S.W.2d 296, 299 (Tex.1998) (orig.proceeding); *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, order). We now address the potential issue identified by counsel and conduct an independent review of the record "to decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400.

## BACKGROUND

The State alleged four offenses in its original petition: two counts of injury to a child; one count of assault; and one count of criminal mischief of property valued at $500 or more, but less than $1,500. *See* TEX. PEN.CODE ANN. §§ 22.01(a), 22.04(a)(3), (f), (Vernon 1994), § 28.03(a)(1), (b)(3)(A) (Vernon 1994 & Supp.1999). Before the court read the allegations to J.A.H., the State waived three of the allegations and proceeded on only the remaining injury-to-a-child charge. The court admonished J.A.H. as required by section 54.03(b) of the Family Code. *See* TEX. FAM.CODE ANN. § 54.03(b) (Vernon 1996). J.A.H. and his attorney signed a written jury waiver as required by sections 51.09 and 54.03(c) of that code. *Id.* § 51.09 (Vernon Supp. 1999), 54.03(c) (Vernon 1996). Although duly cited to appear, J.A.H.'s mother failed to appear for the adjudication and disposition hearings. *Id.* § 51.115(c) (Vernon 1996) ("If a [parent] fails to attend a hearing, the juvenile court may proceed with the hearing.").

The victim S.Z. was seven-years-old at the time of the offense and at trial. He testified that a person named "Jerard" and another boy threw rocks and a knife at him and his cousins. One of the rocks hit S.Z. in the head. His head hurt "[a] lot. A long time."

S.Z. did not identify J.A.H. in court as one of the persons who threw rocks at him. An investigating officer testified that he had responded to a disturbance call and found "Jerard" and another boy at the scene. During the course of the investigation, Jerard and the other boy told the officer they threw rocks at S.Z. and his cousins because the latter had thrown rocks at them first. S.Z. returned to the scene with his mother and identified the boys taken into custody by the officer as his assailants. The officer described S.Z.'s injuries as "a large knot on his head with a small cut." The officer did not identify J.A.H. in court as the person whom he had arrested.

In argument, counsel for J.A.H. asked the court to dismiss the case because the State had failed to prove that J.A.H. was the person who had committed the offense. The court then permitted the State to present additional testimony. *See* TEX.R. CIV. P. 270. S.Z. returned to the stand and

identified J.A.H. as the person who assaulted him. After receiving this additional testimony, the court found that J.A.H. had engaged in delinquent conduct.

During the disposition phase, the State presented evidence from several witnesses that J.A.H. was abusive to other children and adults, had been detained in the juvenile detention center for various offenses on several occasions, and had bitten, kicked and made sexual comments toward detention center staff members while in custody. J.A.H. testified he had learned his lesson and wouldn't "get in trouble no more." The court determined that J.A.H.'s mother could not provide the quality of care and level of support and supervision needed to enable him to meet the conditions of probation. See TEX. FAM. CODE ANN. § 54.04(c). Accordingly, the court committed him to the Texas Youth Commission without a determinate sentence. Id. § 54.04(d)(2).

## ANALYSIS

■ Counsel identifies one potential issue which questions whether the court abused its discretion in permitting the State to present additional testimony. The Rules of Civil Procedure permit the trial court in a bench trial to receive additional evidence at any time "[w]hen it clearly appears to be necessary to the due administration of justice." TEX.R. CIV. P. 270.

■ As counsel correctly states, we review a court's decision to permit additional evidence under an abuse of discretion standard. Ex parte Stiles, 950 S.W.2d 444, 446 (Tex.App.—Waco 1997, no pet.). A trial court's discretion to permit additional evidence "should be exercised liberally to allow both parties to fully present their case." Id.; accord In re A.F., 895 S.W.2d 481, 484 (Tex.App.—Austin 1995, no writ). In deciding whether to permit additional evidence, a trial court may consider: (1) whether the movant showed due diligence in obtaining the evidence; (2) whether the additional evidence is decisive; (3) whether reopening will cause undue delay; and (4) whether reopening "will cause an injustice." A.F., 895 S.W.2d at 484; accord Stiles, 950 S.W.2d at 446–47.

■ This Court has recently concluded that in Anders appeals involving a question of whether the trial court abused its discretion we shall "decide on a case-by-case basis whether such issues may be appropriately characterized as 'frivolous.'" Coronado v. State, 996 S.W.2d 283, 287 (Tex. App.—Waco 1999, order) (per curiam). The potential issue in Coronado's case was whether the trial court had abused its discretion in denying his motion to withdraw his guilty plea. Id., at 285. We determined that Coronado's appeal was not frivolous after finding no Texas cases reviewing such a ruling in the Anders context and after distinguishing the facts of Coronado's case from the facts of a Fifth Circuit Anders decision reviewing such a ruling and finding the appeal frivolous. Id., at 286 – 287.

Unlike Coronado's case however, the Court of Criminal Appeals has reviewed a trial court's decision to permit the State to reopen and present additional evidence in an Anders case. See Cox v. State, 494 S.W.2d 574, 575 (Tex.Crim.App.1973). Thus, we will conduct an independent review of the record and determine whether we agree with counsel that J.A.H's appeal "lacks any basis in law or fact." Taulung v. State, 979 S.W.2d 854, 857 (Tex.App.—Waco 1998, no pet.) (quoting McCoy v. Court of Appeals, 486 U.S. 429, 438 n. 10, 108 S.Ct. 1895, 1902 n. 10, 100 L.Ed.2d 440 (1988)).

After having reviewed the record in light of the factors identified in A.F. and Stiles, we cannot say the court abused its discretion in permitting the State to present additional evidence. See A.F., 895 S.W.2d at 484; accord Stiles, 950 S.W.2d at 446–47.

## CONCLUSION

We have reviewed the record and have found no errors of arguable merit. *See Wilson,* 955 S.W.2d at 698. Accordingly, we grant counsel's motion to withdraw and affirm the judgment. *Id.*