**In re ESTATE OF Essie HUFF, Deceased.**

No. 06–99–00096–CV.

Court of Appeals of Texas, Texarkana.

Argued Feb. 29, 2000.

Decided March 30, 2000.

---

J.D. McLaughlin, McLaughlin, Hutchison, Hunt, Paris, for appellant.

Scott Pelley, Nall, Pelley & Wynne, L.L.P., Sherman, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

DONALD R. ROSS, Justice.

Mozelle Bono and Dwain Hearn ("Proponents") appeal from a judgment probating decedent Essie Huff's will, but awarding attorney's fees to counsel for Juanita Barfield, Clara Langston, David Hollis, Angeline Evers, Melba Hart, Elaine Edney, and Jewel Dye ("Intervenors"). Proponents, decedent's friends, offered a will to probate dated January 26, 1996. That will names Bono executor, and Bono and Hearn beneficiaries.

Tim Bruce Fogle and Judy Kay Fogle Rivers ("Contestants") offered a will to probate dated March 4, 1993, and filed a motion contesting probate of the 1996 will on the grounds that the decedent lacked testamentary capacity and was burdened by undue influence when she executed the 1996 will. The 1993 will named Fogle executor, and Fogle and Rivers beneficiaries.

Intervenors, decedent's relatives and heirs at law, entered a plea in intervention and filed a motion that (1) contested probate of the offered wills on the ground that the decedent had revoked her prior wills by a subsequent handwritten document, which they contended constituted a holographic will; (2) offered the handwritten document to probate as decedent's will; and (3) requested reasonable attorney's fees.

Intervenors contended that the handwritten document left Hearn specific items

of decedent's personal property, but did not dispose of her residual estate. Under Texas law, Intervenors would have had a claim to the residual estate by operation of law if the trial court had probated the handwritten document as a holographic will.[1]

The trial court found that the handwritten document was not a valid will, but also found that Intervenors brought the document forward in good faith. The court awarded Intervenors $19,892.80 in attorney's fees. Contestants had taken a non-suit before trial. We reverse the trial court's judgment and render judgment in favor of Proponents.

On appeal, Proponents contend that the trial court erred by awarding Intervenors attorney's fees because (1) Intervenors do not qualify for attorney's fees under Tex. Prob.Code Ann. § 243 (Vernon Supp.2000); (2) Intervenors' attorney accepted the case on a contingent fee basis and should be bound by the terms of that agreement; and (3) there was no evidence to show that Intervenors acted in good faith. In the alternative, Proponents contend that the trial court erred by accepting into evidence after trial Intervenors' supplemental affidavit requesting attorney's fees at variance with their attorney's sworn testimony at trial.

■ Proponents first contend that Intervenors do not qualify for attorney's fees under Section 243 of the Probate Code. This statute allows a court to award reasonable attorney's fees to designated beneficiaries of a will or alleged will, or an administrator with the will or alleged will annexed, if they attempt in good faith to get the will or alleged will admitted to probate and whether or not they are successful. The portion of the statute at issue provides in part:

> When any person designated as a devisee, legatee, or beneficiary in a will or

an alleged will, or as administrator with the will or alleged will annexed, defends it or prosecutes any proceeding in good faith, and with just cause, for the purpose of having the will or alleged will admitted to probate, whether successful or not, he may be allowed out of the estate his necessary expenses and disbursements, including reasonable attorney's fees, in such proceedings.

Proponents contend that because the trial court found that the handwritten document was not a valid will, awarding attorney's fees was not appropriate under the statute. While in theory a party might challenge a court's finding that a document constitutes an alleged will under the statute, Proponents do not make that challenge here. Instead, they contend that because the court found that the handwritten document was not a valid will, the statute does not allow Intervenors to recover attorney's fees.

■ Proponents are mistaken in this conclusion. The statute allows a beneficiary of an alleged will to recover attorney's fees. Actual probate of the will is not a prerequisite to qualify for an award of attorney's fees. In this case, the trial court found that the handwritten document was an alleged will; therefore, awarding attorney's fees was appropriate, as long as Intervenors met the other requirements of Section 243.

Proponents also contend that Intervenors were not designated as devisees, legatees, or beneficiaries in the handwritten document, an alleged holographic will, because the document does not specifically name Intervenors as beneficiaries. They would have taken, if at all, as residual beneficiaries. Proponents appeal to the language of the statute to support their interpretation of the word "designated."

■ Issues of statutory construction are questions of law. *Johnson v. City of Fort*

---

1. Tex. Prob.Code Ann. § 37 (Vernon Supp. 2000) provides, "When a person dies, leaving a lawful will, ... all the estate of such person, not devised or bequeathed, shall vest immediately in his heirs at law; ...."

*Worth,* 774 S.W.2d 653, 656 (Tex.1989). We review questions of law under a de novo standard. *Barber v. Colorado Indep. Sch. Dist.,* 901 S.W.2d 447, 450 (Tex.1995).

This Court's primary objective in construing a statute is to give effect to the Legislature's intent. *Mitchell Energy Corp. v. Ashworth,* 943 S.W.2d 436, 438 (Tex.1997). When a statute is clear and unambiguous, we should determine the Legislature's intent from the plain and common meaning of the words used in the statute. *St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex.1997). However, we also must consider the entire act, its nature and object, and the consequences that would follow from each construction. *Atascosa County v. Atascosa County Appraisal Dist.,* 990 S.W.2d 255, 258 (Tex.1999). We must assume that every word included has a purpose and that every word excluded was excluded for a reason. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer,* 904 S.W.2d 656, 659 (Tex.1995).

Whether a devisee, legatee, or beneficiary must be specifically named in a will or alleged will to recover attorney's fees under Section 243 is apparently an issue of first impression. In *Harkins v. Crews,* 907 S.W.2d 51, 62 (Tex.App.-San Antonio 1995, writ denied), the court stated that Section 243 allowed beneficiaries who were named in the will to recover attorney's fees. In *Schulte v. Marik,* 700 S.W.2d 685, 686–87 (Tex.App.-Corpus Christi 1985, writ ref'd n.r.e.), the court held that the term "designated executor" in the first part of Section 243 is one specifically named in the will.[2]

Neither party has cited and our research has not revealed any Texas case that addresses the rights of beneficiaries who take by operation of law. We need not reach this issue, however. Even if the term "designated" in Section 243 could be construed to mean something other than "specifically named," it is clear to us that Intervenors were not "designated beneficiaries in a will or alleged will," as the statute requires. The handwritten document does not refer to Intervenors by name or as a class.

Intervenors rest their contentions on the general rule that "if the language in the will clearly indicates that some of the property has not been disposed of, partial intestacy will be upheld." *Carr v. Rogers,* 383 S.W.2d 383, 385 (Tex.1964). They also maintain that any other holding would deprive recovery of attorney's fees to any spouse, child, or other descendant not specifically referred to in the will or alleged will. Such a result, Intervenors contend, would be foreign to the Legislature's intent.

However, the rule that allows title to property to pass by intestate succession is not so broad as to encompass the right to seek attorney's fees under Section 243. The latter is not a right the testatrix enjoyed in life, nor one that passed to her heirs at death. The Legislature vested that right in a person designated as a devisee, legatee, or beneficiary in a will or alleged will who acts in good faith and with just cause. Any purported beneficiary must qualify for that right by reference in the will or alleged will as required by the statute's terms. Intervenors offer us no cases that force a different conclusion, nor do they reason from the statute's text, its legislative history, or the Probate Code's general policy to demonstrate a contrary legislative intent.

---

**2.** The first part of TEX. PROB.CODE ANN. § 243 (Vernon Supp.2000) is similar to the part at issue in this case. It reads:

When any person designated as executor in a will or an alleged will, or as administrator with the will or alleged will annexed, defends it or prosecutes any proceeding in good faith, and with just cause, for the purpose of having the will or alleged will admitted to probate, whether successful or not, he shall be allowed out of the estate his necessary expenses and disbursements, including reasonable attorney's fees, in such proceedings.

■ At oral argument, Intervenors raised for the first time the contention that they qualify under the provision of Section 243 granting an "administrator with the will or alleged will annexed" the right to seek attorney's fees. After oral argument, Intervenors requested leave to file a supplemental brief to address this point. We granted their motion.

They contend that the word "designated" does not apply to the administrator portion of the statute because, by definition, an administrator is not designated in the will, but is an interested person seeking letters of administration where the testator did not name an executor.[3] Under their contention, the statute would read, in relevant part:

When any person ... as administrator with the will or alleged will annexed, defends it or prosecutes any proceeding....

Essentially, Intervenors claim that because they applied in good faith for letters of administration for the handwritten document, an alleged holographic will, they are entitled to attorney's fees under Section 243.

■ This is a plausible reading, but one that proves too much. Though the testator does not designate an administrator, the statute does not require the designation to be made by the testator. The statute leaves unspecified who makes the designation. Under Texas law, the court designates the administrator, and an administrator only becomes an administrator by court appointment. Intervenors would have us construe the statute to allow anyone to seek attorney's fees as administrators, even if the court never probated the

will and actually appointed them administrators.

In *Schulte*, 700 S.W.2d at 686–87, the court, in dicta, construed the term "designated" as applying to the phrase "administrator with the will or alleged will annexed" when it construed an earlier version of Section 243.[4] Intervenors contend, however, that applying the word "designated" to the phrase "administrator with the will or alleged will annexed" does not yield a proper understanding of the statute. They contend that under this construction a person applying to be administrator of an alleged will who is unsuccessful in having the will admitted to probate could never receive attorney's fees because he or she was never formally designated as administrator. Yet the statute plainly says that the trial court has discretion to award attorney's fees to an administrator of an alleged will "whether successful or not" in getting the will admitted to probate.

In so construing the statute, however, we are not reading out the phrase "whether successful or not." That phrase would still apply to a designated executor of an alleged will. It would apply to a designated devisee, legatee, or beneficiary of an alleged will. It would also apply to the administrator of a will admitted to probate who unsuccessfully defends that will against a subsequent will challenge. In the latter situation, the formerly probated will can be viewed as a type of alleged will.

■ The phrase does not apply where, as here, a person applies to be administrator of a document that is ultimately not admitted to probate. The court has not appointed that person administrator. In this context, an "administrator with ...

---

3. *See* Tex. Prob.Code Ann. § 76(c), § 178(b) (Vernon 1980).

4. See the text of the statute's first sentence quoted in note 2, *supra.* The statute sets out the right of an "administrator with the will or alleged will annexed" to recover attorney's fees in two places. The first sentence does not give the trial court discretion whether to

award attorney's fees to an "administrator with will or alleged will annexed" proceeding in good faith. The second sentence gives the trial court such discretion. *Schulte v. Marik*, 700 S.W.2d 685 (Tex.App.-Corpus Christi 1985, writ ref'd n.r.e.), construed an earlier version of the statute, which is now embodied in the statute's first sentence. The second sentence of the statute was added in 1987.

the alleged will annexed" does not exist, and therefore can be neither successful nor unsuccessful. We hold that where a party applies to be administrator of a document that is not admitted to probate, the party is not entitled to seek recovery of attorney's fees under Section 243. We sustain Proponents' first point of error.

Disposition of this point requires us to reverse and render judgment, making it unnecessary that we consider Proponents' other points. In the interest of justice, however, we will consider Proponents' alternative contention concerning Intervenors' supplemental affidavit requesting attorney's fees, submitted ex parte and after the evidence was closed.

Proponents contend that even if attorney's fees are appropriate in this case, the trial court erred by accepting a post-trial supplemental affidavit from Intervenors' counsel. The court tried the case on October 8, 1998. Intervenors' counsel testified that his reasonable attorney's fees were just under $13,000.00. After trial, the court announced its decision that Proponents' offered will was valid, but took the issue of whether the handwritten document was a holographic will under advisement. On March 16, 1999, Intervenors' counsel submitted a sworn affidavit to the trial court showing attorney's fees of $19,-892.80 and requesting that the court award that amount. On April 19, 1999, the trial court entered its final judgment, which awarded Intervenors $19,892.80 in attorney's fees.

In a bench trial, TEX.R. CIV. P. 270 allows the trial court to permit either party to offer additional evidence at any time when it clearly appears to be necessary to the due administration of justice. A trial court should liberally exercise its discretion to permit additional evidence in order to allow both parties to fully present their cases. *In re J.A.H.*, 996 S.W.2d 933, 935 (Tex.App.-Waco 1999, no pet.). We review such a decision for abuse of discretion. *Id.*

The test for abuse of discretion is whether the court acted without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). The mere fact that a trial court may decide a matter within its discretionary authority differently than an appellate court does not demonstrate such an abuse. *Id.* at 242. Among the factors a court can consider in exercising its discretion are (1) whether the movant showed due diligence in obtaining the evidence; (2) whether the additional evidence is decisive; (3) whether reopening will cause undue delay; and (4) whether reopening will cause injustice. *In re J.A.H.*, 996 S.W.2d at 935.

Intervenors cite *Candelier v. Ringstaff*, 786 S.W.2d 41 (Tex.App.Beaumont 1990, writ denied), in support of the trial court's actions. In *Candelier*, the reviewing court affirmed the trial court's decision to grant appellees' motion to file a trial amendment seeking attorney's fees and to hold a separate hearing on the motion. *Id.* The court observed that the trial court had not entered final judgment in the case. *Id.* The court reasoned that appellants could not show surprise because they had three months to prepare for the hearing. *Id.*

Proponents observe that Intervenors' affidavit was made ex parte and that they were not afforded an opportunity for a hearing. They also point out that Intervenors' revised attorney's fee figure is nearly equal to the amount of cash in the estate. Finally, they contend that Intervenors are judicially estopped from giving testimony at variance with their sworn trial testimony.

The doctrine of judicial estoppel bars a party who has made a sworn statement in a pleading, a deposition, oral testimony, or affidavit in a judicial proceeding from maintaining a contrary position in a subsequent proceeding. *De-Woody v. Rippley*, 951 S.W.2d 935, 944 (Tex.App.-Fort Worth 1997, pet. dism'd by agr.). Its purpose is to prevent fraud and

to uphold the integrity of the judicial process. *LaChance v. McKown*, 649 S.W.2d 658, 660 (Tex.App.-Texarkana 1983, writ ref'd n.r.e.). The elements of judicial estoppel are: (1) a sworn, inconsistent statement made in a prior judicial proceeding; (2) the party who made the statement successfully maintained the prior position; (3) the prior statement was not made inadvertently or by mistake, fraud, or duress; and (4) the statement was deliberate, clear, and unequivocal. *In re M.M.O.*, 981 S.W.2d 72, 84 (Tex.App.-San Antonio 1998, no pet.). In this case, however, judicial estoppel does not apply because the inconsistent evidence occurred in the same proceeding.

■ Nevertheless, we find that the trial court abused its discretion in accepting the post-trial affidavit from Intervenors' attorney. First, *Candelier* is distinguishable from the facts in this case. Unlike the appellants in *Candelier*, Proponents did not have an opportunity to dispute Intervenors' affidavit, because the affidavit was made ex parte.

■ Second, the trial court must allow both sides to fully develop the case if a reopening is allowed in the interest of justice. *In re Johnson*, 886 S.W.2d 869, 873 (Tex.App.Beaumont 1994, no writ). The trial court did not give Proponents the opportunity (1) to show the similarity between Intervenors' updated fee request and the cash balance in the estate, (2) to request that the attorney explain the sixteen hours he spent on the case after trial, or (3) to request that the attorney explain why he quoted an hourly rate $50.00 less at trial than in the affidavit.

■ Third, Intervenors did not show due diligence in making the request. They submitted their affidavit five months after trial and did not allege any grounds for the increased fees.

Finally, the additional evidence is not decisive because Intervenors had already offered some evidence of their attorney's fees at trial. We sustain Proponents' alternative ground of error.

The judgment is reversed and rendered in favor of Proponents.