Opinion issued August 4, 2005









     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00434-CV




MARK GALLEY, Appellant

V.

APOLLO ASSOCIATED SERVICES, LTD., Appellee




On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2002-26580




O P I N I O N
          In cross-motions for summary judgment, the parties asked the trial court to
determine whether a Texas limited partnership must indemnify a former officer of its
corporate predecessor, under article 2.02-1 of the Texas Business Corporation Act
(“TBCA”), for attorney’s fees he incurred while successfully defending claims
brought against him by the partnership. The trial court answered the question “no,”
and granted summary judgment on the indemnity claim to the limited partnership. 
We hold that article 2.02-1 of the Texas Business Corporation Act, which requires a
corporation to indemnify its officers for costs incurred in the successful defense of
claims brought against them in their corporate capacity, does not extend that
obligation to limited partnerships. We therefore affirm.The Procedural History
          Appellee Apollo Associated Services, Ltd., (“Apollo Ltd.”), a Texas limited
partnership, sued appellant Mark Galley alleging (1) tortious interference with
business relations; (2) misappropriation of trade secrets; (3) breach of loyalty; (4)
conversion; (5) breach of contract; and (6) conspiracy. Apollo Ltd.’s claims arise out
of Galley’s actions as an employee and officer of Apollo Associated Services,
Incorporated (“Apollo Inc.”), Apollo Ltd.’s predecessor in interest. Galley moved for
summary judgment on Apollo Ltd.’s claims and counterclaimed, seeking
indemnification from Apollo Ltd. for his expenses and attorney’s fees under section
2.02-1 of the TBCA. Tex. Bus. Corp. Act Ann. art. 2.02-1 (Vernon 2003). The trial
court partially granted Galley’s summary judgment. Galley then moved to add Apollo
Inc. as an indispensable party to the litigation under Texas Rule of Civil Procedure
39. The trial court ordered Apollo Ltd. to join Apollo Inc. or the trial court would
dismiss its claims against Galley. Apollo Ltd. added Apollo Inc. as a defendant, and
sought a declaratory judgment that any claims it asserts against Galley bind Apollo
Inc.



          Apollo Ltd. thereafter nonsuited its remaining claims against Galley, leaving
only Galley’s counterclaim for attorney’s fees. Apollo Ltd. moved for summary
judgment, seeking dismissal of Galley’s counterclaim for indemnification under
article 2.02-1 of the TBCA. The trial court granted the motion. In this appeal, Galley
contends that the trial court erred in granting Apollo Ltd.’s motion because he is
entitled to indemnification under article 2.02-1 of the TBCA. 
The Facts
          Galley is a former officer and employee of Apollo Inc. Galley discontinued his
employment with Apollo Inc. approximately sixteen months before Apollo Ltd., a
Texas limited partnership, purchased the assets of Apollo Inc. Apollo Inc. is a
Washington corporation in the business of presenting training programs in the Apollo
Problem Solving Methodology. Pursuant to the terms of the sales agreement, Apollo
Ltd. acquired Apollo Inc.’s assets and use of the trade name “Apollo Associated
Services.” The agreement further provides that Apollo Ltd.’s payment is the
“assumption and payment of all of [Apollo’s Inc.’s] debts and liabilities” as of
December 31, 2001. Apollo Ltd. also agreed to “further pay all contract obligations
and hold [Apollo Inc.] harmless from any and all liability to existing contracts.” 
Among these contracts is an agreement between Apollo, Inc. and Galley, its officer. 
          Dean Gano, the sole owner of Apollo Inc., averred that the sales agreement
constituted a “total sale of the assets of Apollo, Inc., except for certain intellectual
property.” He further averred that Apollo Inc. sold Apollo Ltd. all of its contractual
rights, including rights against any of its employees. 
          Apollo Ltd. sued Galley as a former officer and employee of Apollo Ltd., but
later amended its petition and substituted Apollo Inc. as Galley’s employer. Apollo
Ltd. predicated its original action against Galley upon the proposition that Apollo
Ltd. had acquired all of Apollo Inc.’s assets, including any contractual rights it had
against its current and former employees. Apollo Ltd. pleaded in the trial court that
it is the successor in interest to Apollo Inc. and, as such, it “stands in the shoes of
Apollo Inc.” 
Standard of Review
          Under the traditional standard for summary judgment, the movant has the
burden to show that no genuine issue of material fact exists and that judgment should
be granted as a matter of law. Tex. R. Civ. P. 166a(c); KPMG Peat Marwick v.
Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999). In reviewing
cross-motions for summary judgment, we consider both motions and render the
judgment that the trial court should have rendered. Coastal Liquids Transp., L.P. v.
Harris County Appraisal Dist., 46 S.W.3d 880, 884 (Tex. 2001) (citing 
Commissioners Ct. v. Agan, 940 S.W.2d 77, 81 (Tex.1997); Jones v. Strauss, 745
S.W.2d 898, 900 (Tex.1988)). To the extent the issue presented in this appeal
involves statutory construction and the application of a statute to undisputed facts, we
determine the issues as a matter of law. Gramercy Ins. Co. v. Auction Fin. Program,
Inc., 52 S.W.3d 360, 363 (Tex. App.—Dallas 2001, pet. denied) (citing McCreight
v. City of Cleburne, 940 S.W.2d 285, 288 (Tex. App.—Waco, writ. denied)). 
          In interpreting a statute, we consider, among other things: the object sought to
be obtained; the circumstances of the statute’s enactment; the legislative history; the
common law or former statutory provisions, including laws on the same or similar
subjects; the consequences of a particular construction; administrative construction
of the statute; and the title, preamble, and emergency provision. Tex. Gov’t Code
Ann. § 311.023 (Vernon 1998); Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 493
(Tex. 2001) (citing Ken Petroleum Corp. v. Questor Drilling Corp., 24 S.W.3d 344,
350 (Tex.2000)). In examining the relevant portion of the TBCA, we focus primarily
on the language of the statute itself and, to a lesser extent, the legislative history,
including the interpretive commentaries attached to each section. We consider a
question of statutory interpretation under a de novo standard of review. Bragg v.
Edwards Aquifer Auth., 71 S.W.3d 729, 734 (Tex. 2002).
Discussion
          Galley contends that because Apollo Ltd. purchased Apollo Inc., Apollo Ltd.
should indemnify him for his litigation costs under article 2.02-1 of the TBCA. Tex.
Bus. Corp. Act Ann. art. 2.02-1. Galley bases his contention upon summary
judgment evidence that Apollo Ltd., as the successor in interest to Apollo Inc.,
“stands in the shoes” of Apollo Inc. Galley further contends that Apollo Ltd. initially
asserted that he was its employee, and thus it is judicially estopped from maintaining
otherwise. 
          Apollo Ltd. responds that (1) it is not a corporation, and therefore cannot be
subject to the statutory indemnification provision of the TBCA, and (2) any possible
indemnification would be a liability of Apollo Inc., and because liabilities were not
included in the sales agreement, it cannot be liable for Galley’s indemnification claim. 
Article 2.02-1 of the Texas Business Corporation Act
          Article 2.02-1(A)(1) provides that: 
“Corporation” includes any domestic or foreign predecessor entity of the
corporation in a merger, conversion, or other transaction in which some
or all of the liabilities of the predecessor are transferred to the
corporation by operation of law and in any other transaction in which
the corporation assumes the liabilities of the predecessor but does not
specifically exclude the liabilities that are the subject matter of this
article. 

See Tex. Bus. Corp. Act Ann art. 2.02-1(A)(1). 
          Article 2.02-1 thus applies to corporations and predecessors of corporations. 
It does not apply to a Texas limited partnership, unless a corporation later acquires
it or it later merges to become a corporate entity. The parties agree that Apollo Ltd.
is a Texas limited partnership, which purchased the assets of a foreign corporation,
Apollo Inc. This transaction, however, falls outside the statute’s definition. The
TBCA provides two ways only that an entity is defined a “corporation” and therefore
subject to the TBCA indemnification provision. Tex. Bus. Corp. Act Ann. art. 2.02-1(A)(1). First, an entity may be a predecessor of a corporation in a transaction in
which the predecessor transferred some or all of its liabilities to the corporation by
operation of law. Id. Second, an entity may be a corporation that assumed the
liabilities of a predecessor entity. Id. 
          Here, Apollo Ltd. is not a “predecessor in interest” of a corporation as defined
by the statute. Rather, Apollo Ltd. is the successor in interest of Apollo Inc., and as
such, is not included in the article 2.02-1 definition of corporation. We therefore
conclude that Apollo Ltd. is not statutorily required to indemnify Galley under article
2.02-1 of the Texas Business Corporation Act. 
          We observe that, on appeal, Galley does not assert any other basis for
indemnification than the TBCA as applied to Apollo Ltd. For example, he does not
contend any contractual basis for indemnification exists.


 Further, Galley does not
seek indemnification from the corporate entity that employed him—Apollo, Inc. 
Galley notes that Apollo Ltd. “stands in the shoes” of Apollo Inc. If Galley had
executed a contractual agreement for indemnification, then Apollo Ltd. might have
been contractually obligated to indemnify Galley. But its successor status does not
place Apollo Ltd. within the defined class of entities statutorily obligated to
indemnify an officer under the TBCA. We thus hold that the trial court properly
granted summary judgment on Galley’s indemnification claim. 
Judicial Estoppel
          Galley also contends that Apollo Ltd. initially pleaded that he was its
employee, and thus it is judicially estopped from disavowing an obligation to
indemnify him under the statute. Specifically, he contends that judicial estoppel
precludes a party “from asserting a position in a legal proceeding which is
inconsistent with a position previously taken.” 
          Judicial estoppel requires that: (1) a sworn, inconsistent statement be made in
a prior judicial proceeding; (2) the party making the statement gained some advantage
by it; (3) the statement was not made inadvertently or because of mistake, fraud, or
duress; and (4) the statement was deliberate, clear, and unequivocal. See Swilley v.
McCain, 374 S.W.2d 871, 875–76 (Tex. 1964); Long v. Knox, 291 S.W.2d 292, 295
(Tex. 1956); Spera v. Fleming, Hovenkamp & Grayson, P.C., 25 S.W.3d 863, 871
(Tex. App.—Houston [14th Dist.] 2000, no pet.); In re Estate of Huff, 15 S.W.3d 301,
309 (Tex. App.—Texarkana 2000, no pet.); In re M.M.O., 981 S.W.2d 72, 84 (Tex.
App.—San Antonio 1998, no pet.); Owen v. Knop, 853 S.W.2d 638, 641 (Tex.
App.—Corpus Christi 1993, writ denied). Judicial estoppel does not apply to
contradictory positions taken in the same proceeding; instead, judicial estoppel may
apply only in a subsequent action. Long, 291 S.W.2d at 295; see also Huff, 15
S.W.3d at 309; Wells v. Kansas Univ. Endowment Ass’n, 825 S.W.2d 483, 488 (Tex.
App.—Houston [1st Dist.] 1992, writ denied); Balaban v. Balaban, 712 S.W.2d 775,
777 (Tex. App.—Houston [1st Dist.] 1986, writ ref’d n.r.e.). Here, Apollo Ltd.
initially pleaded that Galley was its employee. Apollo Ltd. later amended its
pleading, however, to allege Galley was an officer and employee of Apollo Inc. 
Because Apollo Ltd. asserted its contrary position within the same proceeding,
judicial estoppel does not apply to these facts. See Long, 291 S.W.2d at 295; Steffan
v. Steffan, 29 S.W.3d 627, 631 (Tex. App.—Houston [14th Dist.] 2000, pet. denied);
Huff, 15 S.W.3d at 309. 
          Further, Apollo Ltd.’s statement in its Original Petition–that Galley is its
employee–is not sworn. Thus, Apollo Ltd. has not made a sworn, inconsistent
statement, and its pleadings do not satisfy all of the requisite elements of judicial
estoppel. See Spera, 25 S.W.3d at 872–73 (citing Vinson & Elkins v. Moran, 946
S.W.2d 381, 396 (Tex. App.—Houston [14th Dist.] 1997, writ dism’d by agr.)). 
Galley thus has not satisfied the first element of judicial estoppel.


 We therefore hold
that the doctrine of judicial estoppel is not applicable to these facts. 
Conclusion
          We hold that (1) Apollo Ltd., as a Texas limited partnership, is not subject to
the statutory indemnification provision of the Texas Business Corporation Act
because it is neither a corporation nor a predecessor in interest to a corporation; and
(2) the doctrine of judicial estoppel does not create indemnification liability under
these facts. We therefore affirm the summary judgment of the trial court. 
 

                                                             Jane Bland
                                                             Justice
 
Panel consists of Justices Hanks, Higley, and Bland.