In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-523 CV


____________________



IN THE ESTATE OF IRMA LOU WILCOX







On Appeal from the County Court at Law No. 1


Jefferson County, Texas


Trial Cause No. 77841






OPINION



 Appellant Mary Lou Wilcox appeals from an order awarding attorney's fees to
appellee Peter Wilcox. We reverse and render.

Background


 Mary Lou Wilcox and her brothers, H. Douglas Wilcox ("Doug"), Rex E. Wilcox,
and Peter V. Wilcox were named as beneficiaries under the will of their mother, Irma Lou
Wilcox. The will named Doug and Rex as independent co-executors and Peter as an
alternate co-executor. (1) After the will was admitted to probate, Mary Lou sued Doug, Rex,
and Peter, as well as an accountant and his firm. Mary Lou alleged numerous causes of
action, including fraud, negligent misrepresentation, civil conspiracy, negligence, 
professional malpractice, breach of fiduciary duty, conversion, and tortious interference
with inheritance rights. Mary Lou also sought a "full, complete, truthful and lawful
inventory and accounting of the properties of the Estate."

 Peter filed a hybrid motion for summary judgment. See Tex. R. Civ. P. 166a(c),
(i). The trial court entered an order granting summary judgment in favor of Peter and
severed Mary Lou's claims against Peter into a separate cause. (2) After the trial court
granted summary judgment, Peter filed a motion seeking attorney's fees pursuant to section
243 of the Probate Code. (3) See Tex. Prob. Code Ann. § 243 (Vernon 2003). The trial
court entered an order awarding Peter attorney's fees in the amount of $18,287.50. Mary
Lou then filed this appeal. 



Mary Lou's First Issue


 In her first issue, Mary Lou contends the trial court erred in awarding attorney's
fees pursuant to section 243 of the Probate Code when no will contest had been filed. 
Section 243 provides as follows:

 When any person designated as executor in a will or an alleged will,
or as administrator with the will or alleged will annexed, defends it or
prosecutes any proceeding in good faith, and with just cause, for the purpose
of having the will or alleged will admitted to probate, whether successful or
not, he shall be allowed out of the estate his necessary expenses and
disbursements, including reasonable attorney's fees, in such proceedings. 
When any person designated as a devisee, legatee, or beneficiary in a will
or an alleged will, or as administrator with the will or alleged will annexed,
defends it or prosecutes any proceeding in good faith, and with just cause,
for the purpose of having the will or alleged will admitted to probate,
whether successful or not, he may be allowed out of the estate his necessary
expenses and disbursements, including reasonable attorney's fees, in such
proceedings.


Tex. Prob. Code Ann. § 243 (Vernon 2003). 

 Peter contends he may recover his attorney's fees under section 243 because he "is
a named beneficiary forced to defend the will in response to Mary Lou's allegations that
he . . . breached duties owed under the will and interfered with her inheritance rights." 
See id. Peter also asserts he "has standing under the statute because Mary Lou specifically
sued him as alternate independent co-executor of the estate accusing him of exercising the
powers of a co-executor." 

 The availability of attorney's fees under a particular statute is a question of law. 
Holland v. Wal-Mart Stores, Inc., 1 S.W.3d 91, 94 (Tex. 1999) (per curiam). Therefore,
the trial court's construction or interpretation of the statute is subject to de novo review.
Tex. Dep't of Transp. v. Needham, 82 S.W.3d 314, 318 (Tex. 2002); Johnson v. City of
Fort Worth, 774 S.W.2d 653, 656 (Tex. 1989). When a statute is clear and unambiguous,
we determine the Legislature's intent from the plain and common meaning of the words
used in the statute. St. Luke's Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 505 (Tex.
1997); Eller Media Co. v. State, 51 S.W.3d 783, 785 (Tex. App.--Fort Worth 2001, no
pet.); see also Tex. Gov't Code Ann. § 311.011(a) (Vernon 2005) (Words not defined
in a statute are given their plain meaning, read in context, and construed according to the
rules of grammar and common usage.). "[E]very word of a statute must be presumed to
have been used for a purpose. Likewise, . . . every word excluded from a statute must
also be presumed to have been excluded for a purpose." Laidlaw Waste Sys. (Dallas), Inc.
v. City of Wilmer, 904 S.W.2d 656, 659 (Tex. 1995) (quoting Cameron v. Terrell &
Garrett, Inc., 618 S.W.2d 535, 540 (Tex. 1981)). Each sentence, clause, and word of a
statute must be given effect if it is reasonable and possible to do so. Tex. Workers'
Compensation Ins. Fund v. Del Indus., Inc., 35 S.W.3d 591, 593 (Tex. 2000) (quoting
Perkins v. State, 367 S.W.2d 140, 146 (Tex. 1963)).

 The will designated Peter an alternate co-executor, and he never served in that
capacity. In Schulte v. Marik, 700 S.W.2d 685, 687 (Tex. App.--Corpus Christi 1985,
writ ref'd n.r.e.), the Corpus Christi Court of Appeals refused to extend the language of
section 243 to include alternates who had never been qualified or served as an executor. 
We neither adopt nor reject that position at this time. We believe the following language
in section 243 to be dispositive: "When any person designated as a . . . beneficiary in a
will . . . defends it or prosecutes any proceeding . . . for the purpose of having the will .
. . admitted to probate, . . . he may be allowed out of the estate . . . reasonable attorney's
fees." Id. (emphasis added). It is undisputed that the will of Irma Lou Wilcox was
offered and duly admitted to probate, and no will contest has been filed. Mary Lou's
claims of fraud, negligent misrepresentation, civil conspiracy, negligence, professional
malpractice, breach of fiduciary duty, conversion, and tortious interference with
inheritance assert that Peter and the other defendants are liable to her as tortfeasors. 

 Because Peter incurred attorney's fees defending himself against Mary Lou's
allegations of his personal wrongdoing rather than defending the will as a beneficiary,
Peter's claim for attorney's fees does not fall within the purview of section 243. See Tex.
Prob. Code Ann. § 243. To hold otherwise would be contrary to the plain meaning of
section 243, and would fail to give effect to the clauses "defends [the will]" and "for the
purpose of having the will or alleged will admitted to probate." See id. The cases cited
by Peter are distinguishable because the parties seeking attorney's fees in those cases were
clearly defending the will. See Salmon v. Salmon, 395 S.W.2d 29, 31 (Tex. 1965);
Zapalac v. Cain, 39 S.W.3d 414, 416 (Tex. App.--Houston [1st Dist.] 2001, no pet.); In
re Estate of Huff, 15 S.W.3d 301, 304 (Tex. App.--Texarkana 2000, no pet.); Harkins v.
Crews, 907 S.W.2d 51, 53 (Tex. App.--San Antonio 1995, writ denied); Kitchens v.
Culhane, 398 S.W.2d 165, 166 (Tex. Civ. App.--San Antonio 1965, writ ref'd n.r.e.)
(Controversy existed between the heirs, and the party opposing recovery of attorney's fees
was the executor.); Tex. Prob. Code Ann. § 243. Issue one is sustained. (4) Accordingly,
we reverse the trial court's order awarding attorney's fees from the estate to Peter and
render judgment that Peter take nothing as to his motion for attorney's fees.

 REVERSED AND RENDERED.


 
 _____________________________

 STEVE McKEITHEN

 Chief Justice



Submitted on April 13, 2006

Opinion Delivered May 11, 2006

Before McKeithen, C.J., Gaultney and Kreger, JJ. 
1. The parties agree that Peter never served as an independent co-executor of the
estate. 
2. In a separate appeal, we affirmed the summary judgment. 
3. Peter's motion did not assert that any other section of the Probate Code permitted
him to recover attorney's fees. 
4. Because we find that Peter may not recover attorney's fees under section 243, we
need not reach Mary Lou's second issue, in which she asserts the trial court's order is
unsupported by evidence. See Tex. Prob. Code Ann. § 243.