In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-258 CV


______________________


 

JERRY W. JOHNSON AND DIANA HUCKABY JOHNSON, Appellants



V.



JAMES W. HAUGEN D/B/A WINDWOOD ESTATES, Appellee






On Appeal from the 284th Judicial District Court


 Montgomery County, Texas 


Trial Cause No. 04-02-01508 CV






MEMORANDUM OPINION


 Appellants Jerry Johnson and Diana Johnson filed suit seeking a judgment declaring
they are the owners of two lots that James W. Haugen (1) sold them under a contract for deed. 
Haugen filed a motion for summary judgment asserting the affirmative defense of judicial
estoppel. The trial court granted the summary judgment, and the Johnsons appealed. We
affirm. 

 A movant for summary judgment has the burden of showing that there is no genuine
issue of material fact and that he is entitled to judgment as a matter of law. Nixon v. Mr.
Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). Here, the defendant-movant sought
summary judgment on an affirmative defense and was required to conclusively prove each
element of his affirmative defense. Walker v. Harris, 924 S.W.2d 375, 377 (Tex. 1996). The
burden then shifted to the nonmovant to present evidence raising a genuine issue of material
fact on at least one element of the affirmative defense. Dallas Sales Co., Inc. v. Carlisle
Silver Co., 134 S.W.3d 928, 932 (Tex. App.--Waco 2004, pet. denied). 

 In 1993, the Johnsons signed a "Contract of Sale and Purchase" that provided for
monthly payments on the land purchase. The contract included a cancellation provision. The
provision stated in part that after a cancellation of the contract, the "purchaser in possession"
would be "only a tenant" and liable for rent while in possession of the property. In 1997,
Haugen sent the Johnsons a written "Notice of Cancellation" stating they were "late in
making [their] payments under the Contract . . . and unless [they] make the payments by
Sept[.] 10, 1997, the seller has the right to take possession of [their] property and keep all
payments made to date." The Johnsons assert they paid for the property or, if not, are "ready,
willing and able to do so." Haugen maintains they did not pay. 

 The Johnsons filed a bankruptcy petition in 1999. On the bankruptcy schedule listing
real property in which they had any legal, equitable, or future interest, the Johnsons stated 
"None." On the schedule for "Executory Contracts and Unexpired Leases," they set out "Lot
lease for [Mobile] home" and named Haugen as the other party to the lease. On the schedule
of the debtors' current expenditures, the Johnsons listed as an expense the "Lot Lease for
[Mobile] Home." On subsequent amended schedules, the Johnsons continued to characterize
the property transaction as a lease.

 In his summary judgment motion, Haugen asserts the Johnsons are judicially estopped
from claiming ownership of the lots because they earlier stated by sworn declaration in the
bankruptcy proceeding that the lots were leased. In issue one, the Johnsons challenge the
trial court's summary judgment on judicial estoppel grounds. A common-law principle,
judicial estoppel precludes a party from asserting a position in a legal proceeding inconsistent
with a position taken by that party in prior litigation. Andrews v. Diamond, Rash, Leslie &
Smith, 959 S.W.2d 646, 649 (Tex. App.--El Paso 1997, writ denied). The purpose of judicial
estoppel is to prevent fraud and uphold the integrity of the judicial process. In re Estate of
Huff, 15 S.W.3d 301, 308-09 (Tex. App.--Texarkana 2000, no pet.). Generally, the elements
of judicial estoppel applied by Texas courts are as follows: (1) a party made a sworn,
inconsistent statement in a previous judicial proceeding; (2) the party successfully maintained
the previous position; (3) the previous statement was not made inadvertently or by mistake,
fraud, or duress; and (4) the statement was deliberate, clear, and unequivocal. See Long v.
Knox, 155 Tex. 581, 291 S.W.2d 292, 295 (Tex. 1956); In re Estate of Huff, 15 S.W.3d at
309; see generally New Hampshire v. Maine, 532 U.S. 742, 750-53, 121 S.Ct. 1808, 149
L.Ed.2d 968 (2001). (2) 

 Haugen relied on the Johnsons' bankruptcy petition as his summary judgment
evidence. Haugen was listed as a creditor in the bankruptcy and was given notice of the
filing. There is no evidence he filed a proof of claim or challenged the characterization of
the property transaction. As part of their bankruptcy petition, the Johnsons filed a sworn
statement stating the lots were leased. This statement contradicts their pleadings in this suit
that they own the lots. The fact that the Johnsons continued to maintain that position in their
amended filings in the bankruptcy suit evidences a clear, unequivocal, deliberate statement
that contradicts their present claim of ownership. If the Johnsons had listed the property as
owned by them or characterized it as being under executory contract, presumably Haugen
could have challenged that characterization in the bankruptcy proceeding. The trial court's
confirmation of the bankruptcy, in effect, accepted the Johnsons' listing of the property as
a "[l]ot lease."

 In response to the motion for summary judgment, the Johnsons filed affidavits
asserting they made all payments under the contract, paid all taxes, and made improvements
on the land. Alternatively, the Johnsons stated they stood "ready, willing and able to make
any payments not previously made." Because of the affidavits' alternative assertions, the trial
court may have reasonably concluded that not all payments were actually made, and that the
Johnsons were only "willing and able" to pay. There is no other evidence in the record
indicating the Johnsons made all payments. Haugen states in his affidavit the Johnsons did
not complete the payments. 

 The Johnsons also state they informed their bankruptcy attorney the "lease" statement
was a mistake, but were advised to "simply sign the papers" because the description of the
status of the contract was not significant. The Johnsons signed the bankruptcy petition and
schedules under oath. Whether they believed their sworn statements to be true or false, the
statements regarding "lot lease" were clear, deliberate, and unequivocal. The Johnsons have
not claimed fraud or duress. Haugen established his affirmative defense of judicial estoppel
as a matter of law. The Johnsons have not raised a genuine material fact issue to negate an
element of that defense. Issue one is overruled.

 In issue two and three, the Johnsons assert that circumstances changed after the 1999
bankruptcy filing, and fact issues now exist precluding summary judgment. In issue three,
they claim a fact issue exists as to whether Haugen reinstated the purchase contract, and
whether appellants relied on the reinstatement in making additional payments. The Johnsons 
rely on their own affidavits and on letters from Haugen indicating the parties were discussing
past-due payments and the possibility of reinstatement of the contract if the Johnsons could
establish they paid the arrearages. The February 14, 2003, letter from Haugen to the
Johnsons states that the Johnsons defaulted in September 1997, they were sent a "Notice of
Cancellation," and the parties agreed to a rental plan. The February 17, 2003, letter
references the Johnsons' default and describes their payments as "rent." Neither the letters
nor the Johnsons' affidavits show payment of the arrearages or contract reinstatement, and
the evidence does not serve to raise a fact issue on the applicability of judicial estoppel. 
Issues two and three are overruled. 

 In issue four, the Johnsons argue Haugen failed to follow requirements of the Texas
Property Code. (3) We need not reach this issue as the Johnsons unequivocally stated in their
bankruptcy petition schedules and amendments that they were leasing the property. The
Johnsons are judicially estopped from claiming otherwise in this proceeding. Issue four is
overruled. 

 The judgment is affirmed. 

 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on October 5, 2006

Opinion Delivered December 21, 2006 


Before McKeithen, C.J., Gaultney and Horton, J.J.












1. Haugen signed the contract as "Seller/Agent" for Windwood Estates. The Johnsons
sued Haugen individually and doing business as Windwood Estates.
2. The United States Supreme Court has explained judicial estoppel is not reducible to
any general formula. New Hampshire v. Maine, 532 U.S. 742, 750, 121 S.Ct. 1808, 149
L.Ed.2d 968 (2001). Nevertheless, the Court held that several factors typically inform the
decision of whether to apply the doctrine in a particular case: (1) a party's later position must
be "clearly inconsistent" with its earlier position; (2) the party succeeded in persuading a
court to accept that party's earlier position; (3) the party seeking to assert an inconsistent
position would derive an unfair advantage or impose an unfair detriment on the opposing
party if not estopped. Id. at 750-51. 
3. The Johnsons do not address the applicability of the judicial estoppel doctrine in this
context.