

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00066-CV

IN THE MATTER OF THE MARRIAGE OF
HAROLD STEVE HALE AND JANETTE E. HALE

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 19D0805-102

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

An intervening creditor appeals the trial court's entry of an agreed judgment in a divorce between Harold Steve Hale and Janette E. Hale. On appeal, the intervenor argues both that he was denied his day in court and that the trial court should have allowed him to reopen the evidence to prove his claims. Because we find (1) that the intervenor failed to prove his claims at trial and (2) that the trial court did not abuse its discretion by failing to reopen the evidence, we affirm the trial court's judgment.

## I. The Intervenor Failed to Prove His Claims at Trial

The intervenor argues that the trial court violated his due process rights because he was denied his day in court. To evaluate the merits of the intervenor's complaints, we must review the unique procedural history of this case.

Harold, who was represented by Attorney David J. Potter, filed a petition to divorce his wife, Janette. Over a year later, Potter filed a motion to withdraw from Harold's representation and, on the same day, filed a petition in intervention claiming that Harold owed him (1) $40,000.00 in attorney fees for a prior criminal matter, (2) $5,000.00 in attorney fees for the pending divorce, and (3) $340.00 in court costs for the pending divorce.[1] In his supplemental petition in intervention, Potter alleged that Harold and Janette violated the Texas Uniform Fraudulent Transfers Act (TUFTA) by conspiring to avoid the debt. Because Harold and Janette

---

[1]"[A] creditor of the husband or wife may intervene in a divorce case." 39A TEX. JUR. 3D FAMILY LAW § 710 (West, Westlaw current through 2023); *see Doe v. Carroll*, No. 03-08-00556-CV, 2009 WL 1811002, at *4 (Tex. App.—Austin June 23, 2009, no pet.) (mem. op.); *L. Offs. of Windle Turley, P.C. v. Ghiasinejad*, 109 S.W.3d 68, 70 (Tex. App.—Fort Worth 2003, no pet.).

"reached an agreed disposition" in their divorce, Janette filed a motion to strike or sever Potter's intervention.

After a hearing, the trial court decided not to strike or sever Potter's intervention. Instead, it sent the parties "out there in the hallway" and notified them that, after a recess, it would "be ready to take up a final hearing." The trial court took testimony from Harold and Janette and clarified, "[W]e're here for the merits of [Potter's] case." Harold and Janette confirmed that they had agreed to the terms of a divorce decree, acknowledged that they owed Potter $40,000.00, and underwent cross-examination by Potter. The record reveals, however, that Potter did not introduce sufficient evidence to demonstrate a TUFTA violation at the final hearing and did not argue at the hearing that he was owed anything more than $40,000.00. The final hearing ended after Potter confirmed that he had nothing else to present.

A few days after the final hearing, Potter filed a motion for rehearing. The hearing on Potter's motion, which occurred almost a year after the motion was filed, prompted the trial court to ask what new evidence was available. Potter responded that he had proof of "lies" and Janette's statement that "she was gonna give him $40,000."[2] Janette's counsel objected to the introduction of any new evidence on the grounds that it was not produced in discovery and that Potter had already presented and rested his case-in-chief. The trial court determined that it would not allow the new evidence but permitted Potter to make an offer of proof after clarifying that it would "not mak[e] any findings with regards to the veracity of anything in there."

---

[2]It appears Potter believed that Harold, who was in federal prison, and Janette agreed that all community property would go to Janette in the divorce and that, after the divorce was finalized, Janette would return some of the money to Harold. While Potter complains that, "[b]y giving Janette all of the community property . . . the court assisted Janette in her scheme to defraud Appellant," nothing suggests that the trial court's agreed property division was not just or right.

The trial court's final agreed judgment divided the $40,000.00, sought by Potter as a community debt, and ordered Harold and Janette to pay $20,000.00 each. The trial court did not award Potter attorney fees or court costs for the divorce proceeding.

In his first complaint, Potter argues that he was denied his day in court. He claims that the trial court violated the Open Courts Provision and "did not properly consider [his] legal cause of action against both Appellees that made them jointly and severally liable" for damages under TUFTA. Because the record shows that Potter was given the opportunity to present his TUFTA claims at the final hearing but failed to do so, we find this point of error meritless and overrule it.

## II.     The Trial Court Did Not Abuse Its Discretion by Failing to Reopen the Evidence

Next, Potter argues that he was denied due process when the trial court "refused to hear, or even consider, any evidence on Appellant's motion for a rehearing for new evidence received after a trial." We interpret this as a complaint against the trial court's decision to disallow new evidence.

"In a bench trial, the trial court may permit either party to offer additional evidence at any time when it clearly appears to be necessary to the due administration of justice." *Moore v. Jet Stream Invs., Ltd.*, 315 S.W.3d 195, 201 (Tex. App.—Texarkana 2010, pet. denied) (citing TEX. R. CIV. P. 270; *In re Estate of Huff*, 15 S.W.3d 301, 308 (Tex. App.—Texarkana 2000, no pet.)). "We review a trial court's decision to permit additional evidence under an abuse of discretion standard." *Id.* "The test for abuse of discretion is whether the court acted without reference to guiding rules and principles." *Id.* (citing *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004)).

4

"In deciding whether to permit additional evidence, a trial court may consider (1) whether the movant showed due diligence in obtaining the evidence; (2) whether the additional evidence is decisive; (3) whether reopening the evidence will cause undue delay; and (4) whether reopening the evidence will cause injustice." *Id.* (citing *Huff*, 15 S.W.3d at 308). Potter does not address these factors in his brief. We find that the trial court could have determined that Potter had the opportunity to obtain the evidence to prove his claims before the final hearing but did not exercise due diligence by waiting until after the trial had concluded. The trial court also indicated that the additional evidence was not decisive because it felt that "[a]nything . . . submitted after [the] initial testimony" was not credible and that "whatever [the parties] said the first go round is what they're stuck with." The trial court could have also found that reopening the evidence over a year after the final hearing in this divorce proceeding, which was resolved by an agreed decree, could have caused undue delay. *See In re Est. of Johnson*, No. 06-11-00034-CV, 2011 WL 3503188, at *4 (Tex. App.—Texarkana Aug. 11, 2011, no pet.) (mem. op.). As a result, we overrule Potter's last point of error.

## III.  Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:     April 4, 2023
Date Decided:       April 18, 2023

5