Mark **GALLEY**, Appellant,

v.

**APOLLO ASSOCIATED SERVICES, LTD.**, Appellee.

No. 01–04–00434–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 4, 2005.

---

Keith B. Middleton, William W. Rucker, Rucker & Middleton, L.L.P., Houston, TX, for Appellant.

Darren A. Rice, Walker & Rice, Pasadena, TX, for Appellee.

Panel consists of Justices HANKS, HIGLEY, and BLAND.

## OPINION

JANE BLAND, Justice.

In cross-motions for summary judgment, the parties asked the trial court to determine whether a Texas limited partnership must indemnify a former officer of its corporate predecessor, under article 2.02–1 of the Texas Business Corporation Act ("TBCA"), for attorney's fees he incurred while successfully defending claims brought against him by the partnership. The trial court answered the question "no," and granted summary judgment on the indemnity claim to the limited partnership. We hold that article 2.02–1 of the Texas Business Corporation Act, which requires a corporation to indemnify its officers for costs incurred in the successful defense of claims brought against them in their corporate capacity, does not extend that obligation to limited partnerships. We therefore affirm.

### The Procedural History

Appellee Apollo Associated Services, Ltd., ("Apollo Ltd."), a Texas limited partnership, sued appellant Mark Galley alleging (1) tortious interference with business relations; (2) misappropriation of trade secrets; (3) breach of loyalty; (4) conversion; (5) breach of contract; and (6) conspiracy. Apollo Ltd.'s claims arise out of Galley's actions as an employee and officer of Apollo Associated Services, Incorporated ("Apollo Inc."), Apollo Ltd.'s predecessor in interest. Galley moved for summary judgment on Apollo Ltd.'s claims and counterclaimed, seeking indemnification from Apollo Ltd. for his expenses and attorney's fees under section 2.02–1 of the TBCA. Tex. Bus. Corp. Act Ann. art. 2.02–1 (Vernon 2003). The trial court partially

granted Galley's summary judgment. Galley then moved to add Apollo Inc. as an indispensable party to the litigation under Texas Rule of Civil Procedure 39. The trial court ordered Apollo Ltd. to join Apollo Inc. or the trial court would dismiss its claims against Galley. Apollo Ltd. added Apollo Inc. as a defendant, and sought a declaratory judgment that any claims it asserts against Galley bind Apollo Inc.[1]

Apollo Ltd. thereafter nonsuited its remaining claims against Galley, leaving only Galley's counterclaim for attorney's fees. Apollo Ltd. moved for summary judgment, seeking dismissal of Galley's counterclaim for indemnification under article 2.02–1 of the TBCA. The trial court granted the motion. In this appeal, Galley contends that the trial court erred in granting Apollo Ltd.'s motion because he is entitled to indemnification under article 2.02–1 of the TBCA.

### The Facts

Galley is a former officer and employee of Apollo Inc. Galley discontinued his employment with Apollo Inc. approximately sixteen months before Apollo Ltd., a Texas limited partnership, purchased the assets of Apollo Inc. Apollo Inc. is a Washington corporation in the business of presenting training programs in the Apollo Problem Solving Methodology. Pursuant to the terms of the sales agreement, Apollo Ltd. acquired Apollo Inc.'s assets and use of the trade name "Apollo Associated Services." The agreement further provides that Apollo Ltd.'s payment is the "assumption and payment of all of [Apollo's Inc.'s] debts and liabilities" as of December 31, 2001. Apollo Ltd. also agreed to "further pay all contract obligations and hold [Apollo Inc.] harmless from any and all liability to existing contracts." Among these contracts is an agreement between Apollo, Inc. and Galley, its officer.

Dean Gano, the sole owner of Apollo Inc., averred that the sales agreement constituted a "total sale of the assets of Apollo, Inc., except for certain intellectual property." He further averred that Apollo Inc. sold Apollo Ltd. all of its contractual rights, including rights against any of its employees.

Apollo Ltd. sued Galley as a former officer and employee of Apollo Ltd., but later amended its petition and substituted

---

1. Although neither party contends that the summary judgment is not a final, appealable order, we review *sua sponte* jurisdictional issues. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex.2004) (citing *N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678 (Tex.1990) (per curiam)). "A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record." *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001). Here, the judgment entitled "Final Order" provides that "all claims and causes of action of either party against the other are hereby dismissed and this judgment is final and is appealable." On May 7, the trial court entered an order stating that Apollo Ltd. could either join Apollo Inc. or the trial court would dismiss Apollo Ltd.'s action against Galley. On May 16, Apollo Ltd. filed its declaratory action against Apollo Inc. and provided it could be served through its presi- dent, Dean Gano. In October 2003, Apollo Ltd. non-suited its causes of action against Galley. The final judgment does not include Apollo Inc., nor does the record indicate that Apollo Ltd. nonsuited or severed its declaratory action against it. Nonetheless, our review of the record reveals the summary judgment order is a final, appealable judgment. Nothing in the record indicates that Apollo Ltd. intended to serve Apollo Inc. with citation, and Apollo Inc. never filed any motions or pleadings. *See M.O. Dental Lab*, 139 S.W.3d at 674 (holding judgment that disposed of all named parties except one who had never been served was final for purposes of appeal based on record revealing (1) unserved party never filed any motions or pleadings, and (2) no intention to serve unserved party). We therefore conclude that the trial court's order granting summary judgment is final. *See id.*

Apollo Inc. as Galley's employer. Apollo Ltd. predicated its original action against Galley upon the proposition that Apollo Ltd. had acquired all of Apollo Inc.'s assets, including any contractual rights it had against its current and former employees. Apollo Ltd. pleaded in the trial court that it is the successor in interest to Apollo Inc. and, as such, it "stands in the shoes of Apollo Inc."

### Standard of Review

Under the traditional standard for summary judgment, the movant has the burden to show that no genuine issue of material fact exists and that judgment should be granted as a matter of law. TEX.R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). In reviewing cross-motions for summary judgment, we consider both motions and render the judgment that the trial court should have rendered. *Coastal Liquids Transp., L.P. v. Harris County Appraisal Dist.*, 46 S.W.3d 880, 884 (Tex.2001) (citing *Commissioners Ct. v. Agan*, 940 S.W.2d 77, 81 (Tex.1997); *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988)). To the extent the issue presented in this appeal involves statutory construction and the application of a statute to undisputed facts, we determine the issues as a matter of law. *Gramercy Ins. Co. v. Auction Fin. Program, Inc.*, 52 S.W.3d 360, 363 (Tex.App.-Dallas 2001, pet. denied) (citing *McCreight v. City of Cleburne*, 940 S.W.2d 285, 288 (Tex. App.-Waco, writ. denied)).

In interpreting a statute, we consider, among other things: the object sought to be obtained; the circumstances of the statute's enactment; the legislative history; the common law or former statutory provisions, including laws on the same or similar subjects; the consequences of a particular construction; administrative construction of the statute; and the title, preamble, and emergency provision. TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex.2001) (citing *Ken Petroleum Corp. v. Questor Drilling Corp.*, 24 S.W.3d 344, 350 (Tex.2000)). In examining the relevant portion of the TBCA, we focus primarily on the language of the statute itself and, to a lesser extent, the legislative history, including the interpretive commentaries attached to each section. We consider a question of statutory interpretation under a de novo standard of review. *Bragg v. Edwards Aquifer Auth.*, 71 S.W.3d 729, 734 (Tex.2002).

### Discussion

■ Galley contends that because Apollo Ltd. purchased Apollo Inc., Apollo Ltd. should indemnify him for his litigation costs under article 2.02–1 of the TBCA. TEX. BUS. CORP. ACT ANN. art. 2.02–1. Galley bases his contention upon summary judgment evidence that Apollo Ltd., as the successor in interest to Apollo Inc., "stands in the shoes" of Apollo Inc. Galley further contends that Apollo Ltd. initially asserted that he was its employee, and thus it is judicially estopped from maintaining otherwise.

Apollo Ltd. responds that (1) it is not a corporation, and therefore cannot be subject to the statutory indemnification provision of the TBCA, and (2) any possible indemnification would be a liability of Apollo Inc., and because liabilities were not included in the sales agreement, it cannot be liable for Galley's indemnification claim.

*Article 2.02–1 of the Texas Business Corporation Act*

Article 2.02–1(A)(1) provides that:

"Corporation" includes any domestic or foreign predecessor entity of the corporation in a merger, conversion, or other transaction in which some or all of the liabilities of the predecessor are trans-

ferred to the corporation by operation of law and in any other transaction in which the corporation assumes the liabilities of the predecessor but does not specifically exclude the liabilities that are the subject matter of this article. *See* Tex. Bus. Corp. Act Ann art. 2.02–1(A)(1).

Article 2.02–1 thus applies to corporations and predecessors of corporations. It does not apply to a Texas limited partnership, unless a corporation later acquires it or it later merges to become a corporate entity. The parties agree that Apollo Ltd. is a Texas limited partnership, which purchased the assets of a foreign corporation, Apollo Inc. This transaction, however, falls outside the statute's definition. The TBCA provides two ways only that an entity is defined a "corporation" and therefore subject to the TBCA indemnification provision. Tex. Bus. Corp. Act Ann. art. 2.02–1(A)(1). First, an entity may be a predecessor of a corporation in a transaction in which the predecessor transferred some or all of its liabilities to the corporation by operation of law. *Id.* Second, an entity may be a corporation that assumed the liabilities of a predecessor entity. *Id.*

Here, Apollo Ltd. is not a "predecessor in interest" of a corporation as defined by the statute. Rather, Apollo Ltd. is the *successor* in interest of Apollo Inc., and as such, is not included in the article 2.02–1 definition of corporation. We therefore conclude that Apollo Ltd. is not statutorily required to indemnify Galley under article

2.02–1 of the Texas Business Corporation Act.

We observe that, on appeal, Galley does not assert any other basis for indemnification than the TBCA as applied to Apollo Ltd. For example, he does not contend any contractual basis for indemnification exists.[2] Further, Galley does not seek indemnification from the corporate entity that employed him—Apollo, Inc. Galley notes that Apollo Ltd. "stands in the shoes" of Apollo Inc. If Galley had executed a contractual agreement for indemnification, then Apollo Ltd. might have been contractually obligated to indemnify Galley. But its successor status does not place Apollo Ltd. within the defined class of entities statutorily obligated to indemnify an officer under the TBCA. We thus hold that the trial court properly granted summary judgment on Galley's indemnification claim.

*Judicial Estoppel*

Galley also contends that Apollo Ltd. initially pleaded that he was its employee, and thus it is judicially estopped from disavowing an obligation to indemnify him under the statute. Specifically, he contends that judicial estoppel precludes a party "from asserting a position in a legal proceeding which is inconsistent with a position previously taken."

Judicial estoppel requires that: (1) a sworn, inconsistent statement be made in a prior judicial proceeding; (2) the party making the statement gained some advantage by it; (3) the statement was not

---

**2.** The Texas Revised Limited Partnership Act ("TRLPA"), however, contains a similar provision. Tex.Rev.Civ. Stat. Ann. art. 6132a–1, § 11.01–.17 (Vernon Supp.2004–2005). In his second amended counterclaim, Galley requested indemnification pursuant to sections 11.15–11.17 of the TRLPA. He abandons this issue on appeal, however, and contends only that he is entitled to indemnification pursuant to the TBCA. We further note that sections 11.15–11.17 of the TRLPA provide for discretionary indemnification of limited partnership employees and agents, and thus, if applicable, would not mandate that Apollo Ltd. indemnify Galley for his attorney's fees. Further, Galley raised an indemnification claim pursuant to the Texas Business & Commerce Code in the trial court. He abandoned this claim on appeal, too.

made inadvertently or because of mistake, fraud, or duress; and (4) the statement was deliberate, clear, and unequivocal. *See Swilley v. McCain*, 374 S.W.2d 871, 875–76 (Tex.1964); *Long v. Knox*, 155 Tex. 581, 291 S.W.2d 292, 295 (1956); *Spera v. Fleming, Hovenkamp & Grayson, P.C.*, 25 S.W.3d 863, 871 (Tex.App.-Houston [14th Dist.] 2000, no pet.); *In re Estate of Huff*, 15 S.W.3d 301, 309 (Tex.App.-Texarkana 2000, no pet.); *In re M.M.O.*, 981 S.W.2d 72, 84 (Tex.App.-San Antonio 1998, no pet.); *Owen v. Knop*, 853 S.W.2d 638, 641 (Tex.App.-Corpus Christi 1993, writ denied). Judicial estoppel does not apply to contradictory positions taken in the same proceeding; instead, judicial estoppel may apply only in a subsequent action. *Long*, 291 S.W.2d at 295; *see also Huff*, 15 S.W.3d at 309; *Wells v. Kansas Univ. Endowment Ass'n*, 825 S.W.2d 483, 488 (Tex.App.-Houston [1st Dist.] 1992, writ denied); *Balaban v. Balaban*, 712 S.W.2d 775, 777 (Tex.App.-Houston [1st Dist.] 1986, writ ref'd n.r.e.). Here, Apollo Ltd. initially pleaded that Galley was its employee. Apollo Ltd. later amended its pleading, however, to allege Galley was an officer and employee of Apollo Inc. Because Apollo Ltd. asserted its contrary position within the same proceeding, judicial estoppel does not apply to these facts. *See Long*, 291 S.W.2d at 295; *Steffan v. Steffan*, 29 S.W.3d 627, 631 (Tex.App.-Houston [14th Dist.] 2000, pet. denied); *Huff*, 15 S.W.3d at 309.

Further, Apollo Ltd.'s statement in its Original Petition—that Galley is its employee—is not sworn. Thus, Apollo Ltd. has not made a sworn, inconsistent statement, and its pleadings do not satisfy all of the requisite elements of judicial estoppel.

*See Spera*, 25 S.W.3d at 872–73 (citing *Vinson & Elkins v. Moran*, 946 S.W.2d 381, 396 (Tex.App.-Houston [14th Dist.] 1997, writ dism'd by agr.)). Galley thus has not satisfied the first element of judicial estoppel.[3] We therefore hold that the doctrine of judicial estoppel is not applicable to these facts.

### Conclusion

We hold that (1) Apollo Ltd., as a Texas limited partnership, is not subject to the statutory indemnification provision of the Texas Business Corporation Act because it is neither a corporation nor a predecessor in interest to a corporation; and (2) the doctrine of judicial estoppel does not create indemnification liability under these facts. We therefore affirm the summary judgment of the trial court.

---

**3.** We further note that Galley fails to proffer any advantage that Apollo Ltd. gained by alleging that Galley was its employee. Rather, the trial court dismissed all of Apollo Ltd.'s claims against Galley, either by summary judgment or non-suit, in part because Galley contended in the trial court that Apollo Ltd. was never his employer and thus had no standing to sue him for theft of trade secrets.