Opinion issued March 30, 2006









Opinion issued March 30,
2006






 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-04-00883-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



JOHNNY H. GEE AND ABIODUN HENRI LAGOYE, Appellants

 

V.

 

ETAN MIRWIS, MICHAEL ALEXANDER, KIT SNYDER, AVI BEN
MEIR, GENESIS COMMUNITY MANAGEMENT INC., TERRY H. SEARS, LLOYD’S OF LONDON
INSURANCE CO., GENESIS PROPERTY MANAGEMENT INC., FEDERAL INSURANCE COMPANY,
COLONY INSURANCE COMPANY, WILLIAM C. DEVANE, AND VICTORIA WOODS CONDOMINIUM
HOMEOWNERS’ ASSOCIATION, Appellees

 

 



On Appeal from the 270th District Court

Harris County, Texas








Trial Court Cause No. 2002-37636

 

 

 



MEMORANDUM OPINION

 

          Appellants,
Johnny H. Gee and Abiodun Henri Lagoye, challenge the trial court’s rendition
of summary judgment in favor of appellees, Etan Mirwis, Michael Alexander, Kit
Snyder, Avi Ben Meir, Terry H. Sears, William C. DeVane, Genesis Community Management
Inc., Genesis Property Management Inc., Lloyd’s of London Insurance Co.,
Federal Insurance Company, Colony Insurance Company, and Victoria Woods
Condominium Homeowners’ Association.  In
nineteen issues, appellants contend the trial court erred in granting summary
judgment for appellees because (1) genuine issues of material fact exist as to
each of appellants’ claims and (2) appellees’ summary judgment motions were
defective.  We conclude that the appeal
is untimely and therefore dismiss for lack of jurisdiction.

Background

          Appellants
are condominium owners who experienced flooding in their units.  After appellees refused to rebuild and
refurbish their units, appellants filed suit alleging deceptive trade
practices, conspiracy, breach of contract, fraud, gross negligence, breach of
fiduciary duty, and several other causes of action.  Mirwis, Sears, DeVane, Genesis Community
Management, Genesis Property Management, Lloyd’s, and Victoria Woods were
served with citation and filed answers.  Alexander,
Snyder, Meir, Federal Insurance Company, and Colony Insurance Company were not
served and did not file answers or any other pleadings or motions.

          The
served defendants subsequently moved for summary judgment.  On January 21, 2004, the trial court granted
Lloyd’s no-evidence summary judgment motion on the ground that “there was no
evidence that [Lloyd’s] ever issued any policy of insurance to Victoria Woods
Condominium Homeowners Association on which Abiodun H. Lagoye is listed, named
or recognized as an assured.”  One week
later, the trial court granted the summary judgment motions filed by Mirwis,
Sears, DeVane, Genesis Community Management, Genesis Property Management, and
Victoria Woods, and rendered take-nothing judgments against appellants.  Lloyd’s subsequently filed an amended
no-evidence summary judgment motion regarding the conspiracy claim, which the
trial court granted on May 27, 2004.

          Appellants
filed their first notice of appeal on February 12, 2004, stating that the
“district court has granted Interlocutory No Evidence Summary Judgment to all
the defendants in this titled and numbered cause.”  Because appellants failed to adequately
respond to our notice that the appeal was subject to dismissal for failure to
pay the required fees, we dismissed the appeal on April 16, 2004.  Appellants filed their second notice of
appeal on August 13, 2004, stating that “the Summary Judgment order and all
other orders in this cause is [sic] final.”

          Appellees
moved to dismiss the appeal as untimely. 
We ordered appellants to supplement the clerk’s record with documents
demonstrating the disposition of each party and each claim, but appellants
failed to do so.  As a result, we ordered
the parties to brief the issue of whether the trial court’s May 27, 2004 order
is final as to all parties and all claims. 
After considering the parties’ briefs and carefully reviewing the
record, we conclude that the May 27, 2004 order is the final judgment in the
case and that the appeal is therefore untimely.

Analysis

          The
time for filing a notice of appeal is jurisdictional in nature, and absent a
timely filed notice of appeal or extension request, we must dismiss an appeal
for lack of jurisdiction.  See Tex. R. App. P. 2, 25.1(b), 26.3; see
also Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997) (discussing timing
requirements for filing notice of appeal). 
Generally, a party must file a notice of appeal within thirty days after
the trial court signs the final judgment.[1]  See Tex.
R. App. P. 26.1; Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195
(Tex. 2000) (“[T]he general rule, with a few mostly statutory exceptions, is
that an appeal may be taken only from a final judgment.”).

[A] judgment issued without a conventional trial is
final for purposes of appeal if and only if either it actually disposes of all claims
and parties then before the court, regardless of its language, or it states
with unmistakable clarity that it is a final judgment as to all claims and all
parties.

 

. . . .

 

. . .  Because
the law does not require that a final judgment be in any particular form,
whether a judicial decree is a final judgment must be determined from its
language and the record in the case.

 

. . . .

 

. . .  [Indeed,
t]he record may help illumine whether an order . . . may be
final despite some vagueness in the order itself . . . .

 

 
Lehmann, 39 S.W.3d at 192–93, 195, 206.

          Appellants’
first amended original petition, the live pleading in the case, names twelve
defendants: (1) Etan Mirwis, (2) Michael Alexander, (3) Kit Snyder, (4) Avi Ben
Meir, (5) Genesis Community Management Inc., (6) Terry H. Sears, (7) Lloyd’s of
London Insurance Co., (8) Genesis Property Management Inc., (9) Federal
Insurance Company, (10) Colony Insurance Company, (11) William C. DeVane, and
(12) Victoria Woods Condominium Homeowners’ Association.[2]  The first amended original petition alleges
the following “grounds for action”: (1) violation of numerous subsections of
the Victoria Woods Condominium Homeowners’ Association’s Declaration of
Covenants; (2) violation of numerous subsections of the Victoria Woods
Condominium Homeowners’ Association’s Bylaws; (3) gross negligence and willful
misconduct; (4) commingling of appellees’ personal affairs with the
Association’s affairs, thereby depriving appellants of the rights and benefits
of the Association’s clubhouse and swimming pool; (5) DTPA violations; (6)
refusal to pay insurance claims without conducting a reasonable investigation;
(7) lack of good faith in effectuating prompt, fair, and equitable settlement
of claims in which liability is reasonably clear; (8) illegal claims
proceedings; (9) failure to present any offer to correct damages to appellants’
property caused by appellees’ failure to perform specific acts; (10) failure to
promptly provide a reasonable explanation of the basis in the insurance policy
for failure to offer a settlement; (11) favoritism in settling another
homeowner’s claim similar to appellants’ claims; (12) breach of contract; (13)
breach of fiduciary duty; and (14) conspiracy.

          On
January 28, 2004, the trial court granted the summary judgment motions filed by
Mirwis, Sears, DeVane, Genesis Community Management, Genesis Property
Management, and Victoria Woods.  The
court signed take-nothing judgments against Gee and Lagoye with respect to all
six defendants.  These twelve orders thus
dispose of every claim asserted by appellants against Mirwis, Sears, DeVane,
Genesis Community Management, Genesis Property Management, and Victoria Woods,
leaving only the claims against Lloyd’s, Alexander, Snyder, Meir, Federal
Insurance Company, and Colony Insurance Company.

          The
trial court entered two orders with respect to Lloyd’s.  The first order, signed January 21, 2004,
grants Lloyd’s no-evidence summary judgment motion on the ground that Lloyd’s
did not issue “any policy of insurance to Victoria Woods Condominium Homeowners
Association on which Abiodun H. Lagoye is listed, named or recognized as an
assured.”  As appellants’ claims against
Lloyd’s are based on their assertion that Lagoye’s water damage is covered by
the insurance policy Lloyd’s allegedly issued to Victoria Woods, the court’s
January 21, 2004 order disposes of every claim against Lloyd’s except the
conspiracy claim.  The trial court
granted Lloyd’s amended no-evidence summary judgment motion concerning the
conspiracy claim on May 27, 2004.  This
leaves only the claims against Alexander, Snyder, Meir, Federal Insurance
Company, and Colony Insurance Company.

          These
five remaining defendants were never served; nor did they file an answer or any
other pleadings or motions.  Nothing in
the record indicates that appellants ever expected to obtain service upon these
five defendants.  Moreover, after the
trial court granted Lloyd’s amended no-evidence summary judgment motion,
appellants filed this appeal, stating that “the Summary Judgment order and all
other orders in this cause is [sic] final.” 
Although we requested supplemental briefing concerning the finality of
the May 27, 2004 order, appellants have not indicated that they expect to serve
the remaining defendants.[3]  Hence, like the Texas Supreme Court in M.O.
Dental Lab v. Rape, we hold that “‘the case stands as if there had been a
discontinuance as to [the unserved parties], and the judgment is to be regarded
as final for the purposes of appeal.’” 
139 S.W.3d 671, 674 (Tex. 2004) (quoting Youngstown Sheet & Tube
Co. v. Penn, 363 S.W.2d 230, 232 (Tex. 1962)) (holding summary judgment
order that disposed of all named parties except one who had never been served
was final for purposes of appeal based on record revealing (1) unserved party
never filed any motions or pleadings and (2) plaintiff had no intention to
serve unserved party); Galley v. Apollo Associated Servs., 177 S.W.3d
523, 526 n.1 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (same).

          We
therefore conclude that the trial court’s May 27, 2004 order is the final
judgment in the case because it disposes of the only remaining claim
(conspiracy) against the only remaining party (Lloyd’s).

A judgment that finally disposes of all remaining
parties and claims, based on the record in the case, is final, regardless of
its language.  A judgment that actually
disposes of every remaining issue in a case is not interlocutory merely because
it . . . refers to only some of the parties or claims.  Thus, if a court has dismissed all of the
claims in a case but one, an order determining the last claim is final.

 

Lehmann, 39 S.W.3d at 200.  As appellants did not file their notice of
appeal until August 13, 2004[4]—seventy-eight
days after the trial court signed the final judgment—we lack jurisdiction to
review that judgment.[5]

Conclusion

          We
conclude that appellants failed to timely file their notice of appeal.  We therefore dismiss the appeal for lack of
jurisdiction.  All outstanding motions
are dismissed as moot.

 

 

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Justices Taft,
Higley, and Bland.

 











[1] If a party timely moves for a new trial, to modify or
reinstate the judgment, or requests findings of fact and conclusions of law
following a bench trial, the time to file an appeal extends to ninety days
after the trial court signs the judgment. 
See Tex. R. App. P. 26.1(a)(1)–(4).  Here, appellants did not file any
post-judgment motions that would have extended the appellate timetable.

 





[2] Appellants had named another individual, Anis Rahman,
as a defendant in their original petition, but they removed him from their
first amended original petition.

 





[3] In their supplemental brief, appellants assert that
the summary judgment orders are interlocutory because the trial court
subsequently entered two orders setting the case for trial.  Appellants attach these orders as exhibits to
their supplemental brief.  The orders,
however, are not part of the record.  Nor
did appellants supplement the record with these orders when given the
opportunity to do so.  As these orders
are not part of the record, we do not consider them on appeal.  See Guajardo v. Conwell, 46 S.W.3d
862, 864 (Tex. 2001) (refusing to consider order purportedly signed by trial
court because it was not included in clerk’s record).

 





[4] We do not consider appellants’ February 12, 2004
notice of appeal to be a prematurely filed notice of appeal pursuant to Texas
Rule of Appellate Procedure 27.1(a) for several reasons.  See Tex.
R. App. P. 27.1(a) (“In a civil case, a prematurely filed notice of
appeal is effective and deemed filed on the day of, but after, the event that
begins the period for perfecting the appeal.”). 
First, appellants have not argued that Rule 27.1(a) applies.  Second, we dismissed the appeal on April 16,
2004, for failure to pay the required fees. 
Finally, the earlier notice of appeal purported to be from an
“interlocutory order,” not a final judgment.

 





[5] Appellants did not move for an extension of time to
file their notice of appeal; nor was their notice filed in time for us to imply
a motion to extend time.  See Tex. R. App. P. 26.3 (allowing motion
for extension of time to file notice of appeal within fifteen days of notice’s
due date); Verburgt v. Dorner, 959 S.W.2d 615, 615, 617 (Tex. 1997)
(implying motion to extend time to file perfecting instrument when party in
good faith files perfecting instrument within time period to move for
extension).