

NUMBER 13-10-00110-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MACYOTI CORPORATION.,
MACARENA TIJERINA AND
YOLANDA TIJERINA,                                                    Appellants,

v.

SEA OATS INVESTMENTS IV, L.P.,                                       Appellee.

**On appeal from the 107th District Court
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Perkes
Memorandum Opinion by Justice Garza**

In this appeal, appellants Macyoti Corporation ("Macyoti"), Macarena Tijerina and

Yolanda Tijerina contest the trial court's summary judgment in favor of appellee Sea

Oats Investments IV, L.P. ("Sea Oats") in a breach of contract action.  By two issues,

appellants contend that: (1) summary judgment against the two individual appellants was improper because the corporation's debt was incurred prior to the trigger date for imposing personal liability, *see* TEX. TAX CODE ANN. § 171.255 (West 2008); and (2) summary judgment against Macyoti was improper because there was a fact issue regarding the pertinent contractual provision. We affirm in part and reverse and remand in part.

## I. BACKGROUND

Sisters Macarena and Yolanda Tijerina are the sole owners, officers and directors of Macyoti. On August 16, 2007, Macyoti entered into a written letter agreement with Sea Oats under which Macyoti agreed to pay $500,000 to Sea Oats, and in exchange, Sea Oats agreed to assign to Macyoti its contractual right to purchase certain real estate located in South Padre Island, Texas, from Padre Sands Trust ("PST"). The letter agreement stated that the terms of the proposed transaction between Sea Oats and PST were set forth in a separate contract, the "Trust Contract," which "remain[ed] subject to acceptance by [PST] and approval by the court." Paragraph eight of the letter agreement stated as follows:

> In the event the Trust Contract is approved by the court but does not close as a result of [PST]'s default thereunder, then within sixty (60) days after the closing date specified in the Trust Contract, the Macyotti Group [sic] shall elect to preserve or waive any claim it may have for specific performance of the Trust Contract. Such election shall be in a writing executed by the Macyotti Group [sic] and delivered to Sea Oats and the Escrow Agent. Any earnest money on deposit with the Title Company shall not be withdrawn until after the Macyotti Group's [sic] election as provided herein. If the Macyotti Group [sic] elects to waive its right to seek specific performance of the Trust Contract, then (i) the Macyotti Group [sic] shall assign all of its rights under the Trust Contract to Sea Oats and (ii) upon delivery of the aforementioned assignment in a form acceptable to Sea Oats, the $100,000 earnest money deposit shall be paid by the Escrow Agent to the Macyotti Group [sic]. *If the Macyotti Group [sic] elects to preserve its right to seek specific performance of the Trust*

2

*Contract, or fails to make an election within the 60-day period provided above, then (i) the Macyotti Group [sic] shall immediately pay to Sea Oats the sum of $100,000 and (ii) the balance of the Escrowed Amount shall be immediately paid by the Escrow Agent to Sea Oats.*

(Emphasis added.)

The parties agree that the "Trust Contract" was ultimately approved by the court in a separate proceeding. As called for in the letter agreement, Macyoti deposited $500,000 in escrow, and Sea Oats and Macyoti executed an assignment agreement. However, the Trust Contract never closed, apparently because an unrelated lis pendens had been filed on the subject property. As a result, Macyoti sought specific performance from PST in a separate proceeding, which the parties eventually settled. However, Macyoti never explicitly made the election or paid the additional $100,000 to Sea Oats as provided in the emphasized portion of paragraph eight of the letter agreement.

Macyoti then sued Sea Oats, seeking the return of its $500,000. Sea Oats filed cross-claims for breach of contract against both Macyoti and the Tijerinas, seeking, among other things, the $100,000 payment as provided in paragraph eight of the letter agreement. Sea Oats' cross-claim against the Tijerinas alleged that Macyoti had forfeited its corporate charter for failing to file franchise tax reports in accordance with the provisions of chapter 171 of the Texas Tax Code, and that the Tijerinas were therefore personally liable for Macyoti's debts. *See id.* The Tijerinas later intervened as plaintiffs in the case "as successors to Macyoti in the event that the Court finds the Charter of Macyoti has been forfeited."[1]

Sea Oats subsequently filed (1) a hybrid traditional and no-evidence motion for

---

[1] The parties acknowledge that Macyoti's corporate charter was reinstated at some point during the pendency of this appeal.

summary judgment as to Macyoti's affirmative claims against it, and (2) a traditional motion for summary judgment on its own affirmative claims against all three appellants. The Tijerinas filed their own traditional motion for summary judgment on their affirmative claim against Sea Oats.[2]  On December 8, 2009, the trial court rendered judgment granting all of Sea Oats' motions for summary judgment and denying the Tijerinas' motion.[3]  The final judgment awarded $100,000 in damages to Sea Oats, plus fees, costs, and interest, assessed jointly and severally against all three appellants.  This appeal followed.

## II. DISCUSSION

### A. Standard of Review and Applicable Law

We review the trial court's granting of a traditional motion for summary judgment de novo.  *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *Branton v. Wood*, 100 S.W.3d 645, 646 (Tex. App.—Corpus Christi 2003, no pet.).  In our review, we determine whether the movant met its burden to establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).  The movant bears the burden of proof and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  *See Sw. Elec. Power Co.*, 73 S.W.3d at 215.  We take as true all evidence favorable to the non-

---

[2] The Tijerinas did not file a motion for summary judgment with respect to the affirmative claims made by Sea Oats against them.

[3] Appellants do not contend on appeal that the trial court erred by granting Sea Oats' motion for summary judgment with respect to appellants' affirmative claims.

4

movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

To recover for breach of contract, a plaintiff must show (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages resulting from that breach. *See Adams v. H & H Meat Prods., Inc.*, 41 S.W.3d 762, 771 (Tex. App.—Corpus Christi 2001, no pet.); *Pegasus Energy Group, Inc. v. Cheyenne Petroleum Co.*, 3 S.W.3d 112, 127 (Tex. App.—Corpus Christi 1999, pet. denied).

## B. Macyoti Corporation

We first address appellants' second issue, by which they urge that the trial court erred in granting summary judgment against Macyoti because there is a genuine issue of material fact as to whether paragraph eight of the letter agreement was invoked.

Appellants point specifically to the fact that paragraph eight requires, as a condition precedent to the implementation of its election of remedies provision, that the contract between Sea Oats and PST be "approved by the court but not close *as a result of [PST]'s default thereunder . . .* " (emphasis added). They argue that Sea Oats, in advancing its cross-claim, never produced any evidence establishing that PST was at fault for the failure of the "Trust Contract" to close.

In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. TEX. R. CIV. P. 54. When this general allegation has been made, the party making it is only required to prove the performance or occurrence of those conditions which are specifically denied by the opposing party. *Id.*; *cf. Trevino v. Allstate Ins. Co.*, 651 S.W.2d 8, 11 (Tex. App.—Dallas 1983, no writ) (holding that, because the plaintiff failed

5

to plead generally that all conditions precedent have been satisfied, she was not entitled to the benefit of the Rule 54 presumption, and the burden of pleading and proving the satisfaction of each condition precedent remained with the plaintiff).

In its cross-claim, Sea Oats generally averred that all conditions precedent to enforcement of the letter agreement, "if any, have occurred, have been performed, have been waived, or have been excused." [4]  *See* TEX. R. CIV. P. 54.  Although they raise the issue of PST's default on appeal, appellants did not specifically allege in the trial court that paragraph eight of the letter agreement was inapplicable due to the failure of this condition.  Accordingly, Sea Oats was under no obligation to prove that this particular condition was satisfied.  *See id.*  We conclude that the trial court did not err in granting Sea Oats' motion for summary judgment with respect to its affirmative claims against Macyoti.  Appellants' second issue is overruled.

## C.    Macarena and Yolanda Tijerina

By their first issue, appellants argue that the trial court erred in granting Sea Oats' motion for summary judgment on its affirmative claims against the Tijerinas.  Appellants contend that, even if Macyoti was liable under the terms of the letter

---

[4] In answering Macyoti's suit, Sea Oats alleged that "Macyoti is not entitled to some or all of the legal and/or equitable relief requested [t]herein, because Macyoti materially breached the terms of the Trust Contract, by failing to close in accordance with the express provisions thereof."  According to appellants, this assertion conflicts with Sea Oats' general averment under Texas Rule of Civil Procedure 45 which implied that PST, not Macyoti, defaulted on the "Trust Contract."  Appellants argue as part of their second issue that Sea Oats cannot simultaneously assert, in different pleadings, that: (1) Macyoti "materially breached" the Trust Contract; and (2) that PST defaulted under it (i.e., one of the conditions precedent to enforcement of paragraph eight of the letter agreement).  We disagree.  It is not inconsistent to claim, as Sea Oats does by inference, that *both* Macyoti and PST breached the Trust Contract.  Moreover, "[j]udicial estoppel does not apply to contradictory positions taken in the same proceeding." *Pleasant Glade Assembly of God v. Schubert*, 264 S.W.3d 1, 6 (Tex. 2008) (citing *Galley v. Apollo Associated Servs., Ltd.*, 177 S.W.3d 523, 529 (Tex. App.—Houston [1st Dist.] 2005, no pet.)).  Sea Oats was not precluded from asserting that all conditions precedent to paragraph eight had been satisfied. *See id.*

agreement, there was "no evidence, much less conclusive evidence, that would trigger personal liability" of the Tijerinas for the debts of Macyoti.

Sea Oats' affirmative claim against the Tijerinas is based on the theory that the Tijerinas are personally liable for Macyoti's debts under section 171.255 of the tax code. *See* TEX. TAX CODE ANN. § 171.255. That chapter imposes a franchise tax on Texas corporations. *Id.* § 171.001 (West 2008). The statute provides that a corporation will forfeit its corporate status and privileges if it, *inter alia*, fails to pay the tax or fails to file an annual public information report. *Id.* § 171.203 (West 2008). Section 171.255 further provides:

> If the corporate privileges of a corporation are forfeited for the failure to file a report or pay a tax or penalty, each director or officer of the corporation is liable for each debt of the corporation that is created or incurred in this state after the date on which the report, tax, or penalty is due and before the corporate privileges are revived.

*Id.* § 171.255(a). It is undisputed that, at some point prior to the rendering of the trial court's judgment, Macyoti forfeited its corporate charter pursuant to this section for failing to file the required annual report. *See id.*

The Tijerinas contend that they are not liable for Macyoti's debt arising from the letter agreement with Sea Oats because: (1) that debt was "created or incurred" on August 16, 2007, the date the letter agreement was signed; and (2) the only evidence of Macyoti's forfeiture, a certificate issued by the Texas Secretary of State, indicates that forfeiture took place on August 7, 2009. According to appellants, because the debt was incurred prior to forfeiture, the Tijerinas cannot be held personally liable for those amounts. *See id.*

In response, Sea Oats does not address appellants' argument on its merits; rather, it contends that appellants failed to preserve the issue for our review. Sea Oats

7

notes that, in general, when responding to a summary judgment motion, the non-movant must expressly present, in writing, all issues that the non-movant contends avoid the movant's entitlement to summary judgment. *Mercier v. Sw. Bell Yellow Pages, Inc.*, 214 S.W.3d 770, 775 (Tex. App.—Corpus Christi 2007, no pet.) (citing *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993)); *see* TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."). The Tijerinas' response to Sea Oats' affirmative motion for summary judgment stated, in its entirety, as follows:

> COMES NOW, Interveners [sic] Macarena Tijerina and Yolanda Tijerina and make this their response to cross-defendant [sic] Sea Oats Investments IV, LP's motion for summary judgment and would show the Court as follows:
>
> As the sole shareholders/members/directors of [Macyoti], Macarena Tijerina and Yolanda Tijerina are entitled to the assets of the corporation pursuant to the corporate trust fund doctrine. At page 9 to the deposition of Macarena Tijerina, (P's Exh 1), she states that she is the president of Macyoti Corporation and she and her sister, Yolanda Tijerina, are the sole members of the corporation.
>
> The corporate trust fund doctrine is moralized [sic] in the case of *Henry I. Siegel Co. v. Holliday*, 663 S.W.2d 824 (Tex. 1984). Corporate officers which are referred to as the board of directors as trustees are charged with the duty to manage the corporate assets and wind up corporate affairs. This includes the duty to make a just and equitable distribution of assets to the creditors first and then to the stockholders. *Id.* page 827, 828. Not [only] are Macarena Tijerina and Yolanda Tijerina entitled to intervene for purposes of distribution of the assets of the company, they are charged with that duty. A lawsuit is an asset.
>
> WHEREFORE, Macarena Tijerina and Yolanda Tijerina pray that the Court deny the cross-defendant's [sic] motion for summary judgement.

Sea Oats argues correctly that this response did not bring to the trial court's attention the defense to summary judgment that the Tijerinas now assert on appeal.

8

We disagree that the Tijerinas were obligated to raise this specific issue before the trial court. "In a nonjury case, a complaint regarding the legal or factual insufficiency of the evidence . . . may be made for the first time on appeal in the complaining party's brief." TEX. R. APP. P. 33.1(d). The Tijerinas' assertion on appeal that Sea Oats failed to produce evidence as to when the debt was "created or incurred" is akin to a "complaint regarding the legal . . . insufficiency of the evidence" supporting summary judgment. *See id.* That is because, as we have noted, the burden is initially on the summary judgment movant to establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law with respect to each element of its claim. TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co.*, 73 S.W.3d at 215. Even if the Tijerinas had filed no response at all to Sea Oats' summary judgment motion, Sea Oats would still have retained the burden to establish every element of its claim as a matter of law if it wished to obtain traditional summary judgment as to its affirmative claims. *See* TEX. R. CIV. P. 166a(c). Sea Oats failed to do that. And, under Texas Rule of Appellate Procedure 33.1(d), the Tijerinas were not prohibited from pointing out this evidentiary deficiency for the first time on appeal. *See* TEX. R. APP. P. 33.1(d).

We conclude that there is a genuine issue of material fact as to whether Macyoti's debt under the letter agreement was "created or incurred in this state after the date on which the [non-filed] report . . . [was] due and before the corporate privileges [were] revived." *See* TEX. TAX CODE ANN. § 171.255(a).[5] Accordingly, summary

---

[5] Despite our conclusion that Sea Oats presented no evidence establishing that Macyoti's debt was "created or incurred" after forfeiture, we do not render judgment in favor of the Tijerinas because they did not move for no-evidence summary judgment with respect to Sea Oats' affirmative claims against them. *See* TEX. R. CIV. P. 166a(i) (stating that a motion for no-evidence summary judgment must be granted "unless the respondent produces summary judgment evidence raising a genuine issue of material fact").

judgment in favor of Sea Oats' on its affirmative claims against the Tijerinas was error. *See* TEX. R. CIV. P. 166a(c). We sustain appellants' first issue.[6]

### III. CONCLUSION

We reverse the trial court's summary judgment in favor of Sea Oats with respect to Sea Oats' affirmative claims against Macarena and Yolanda Tijerina, and we remand for further proceedings, consistent with this opinion, as to those claims. The remainder of the trial court's judgment is affirmed.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
23rd day of August, 2011.

---

[6] Appellants further argue by their first issue that the trial court's judgment must be reversed because the only evidence that Macyoti forfeited its corporate charter—a certificate executed by the Texas Secretary of State—does not appear in the appellate record. However, that certificate, which was attached as an exhibit to Sea Oats' summary judgment motion, has been included in a supplemental clerk's record.

At oral argument, appellants' counsel asserted that the certificate of forfeiture, though appearing in the supplemental clerk's record, was in fact not attached to the version of Sea Oats' summary judgment motion that was reviewed by the trial court. However, the supplemental clerk's record is part of the appellate record, *see* TEX. R. APP. P. 34.5(c)(3), and there is nothing in the record indicating that the trial court did not consider the certificate in making its ruling. Accordingly, we consider the certificate to be part of the summary judgment evidence produced by Sea Oats.