NUMBER 13-10-00110-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

MACYOTI CORPORATION.,

MACARENA TIJERINA AND 

YOLANDA TIJERINA,                                                               
          Appellants, 

                                                                             

 

v.

 

SEA OATS INVESTMENTS IV, L.P.,                                             Appellee.

                                                                                                                             

 

On appeal from the 107th
District
Court

of Cameron County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Justices
Rodriguez, Garza, and Perkes 

Memorandum Opinion by
Justice Garza 

 

            In this appeal, appellants
Macyoti Corporation (“Macyoti”), Macarena Tijerina and Yolanda Tijerina contest
the trial court’s summary judgment in favor of appellee Sea Oats Investments
IV, L.P. (“Sea Oats”) in a breach of contract action.  By two issues, appellants
contend that:  (1) summary judgment against the two individual appellants was
improper because the corporation’s debt was incurred prior to the trigger date
for imposing personal liability, see Tex.
Tax Code Ann. § 171.255 (West 2008); and (2) summary judgment against
Macyoti was improper because there was a fact issue regarding the pertinent
contractual provision.  We affirm in part and reverse and remand in part.

I. 
Background

            Sisters Macarena and
Yolanda Tijerina are the sole owners, officers and directors of Macyoti.  On
August 16, 2007, Macyoti entered into a written letter agreement with Sea Oats
under which Macyoti agreed to pay $500,000 to Sea Oats, and in exchange, Sea
Oats agreed to assign to Macyoti its contractual right to purchase certain real
estate located in South Padre Island, Texas, from Padre Sands Trust (“PST”). 
The letter agreement stated that the terms of the proposed transaction between
Sea Oats and PST were set forth in a separate contract, the “Trust Contract,”
which “remain[ed] subject to acceptance by [PST] and approval by the court.” 
Paragraph eight of the letter agreement stated as follows:

In the event the Trust Contract is
approved by the court but does not close as a result of [PST]’s default
thereunder, then within sixty (60) days after the closing date specified in the
Trust Contract, the Macyotti Group [sic] shall elect to preserve or waive any
claim it may have for specific performance of the Trust Contract.  Such
election shall be in a writing executed by the Macyotti Group [sic] and
delivered to Sea Oats and the Escrow Agent.  Any earnest money on deposit with
the Title Company shall not be withdrawn until after the Macyotti Group’s [sic]
election as provided herein.  If the Macyotti Group [sic] elects to waive its
right to seek specific performance of the Trust Contract, then (i) the Macyotti
Group [sic] shall assign all of its rights under the Trust Contract to Sea Oats
and (ii) upon delivery of the aforementioned assignment in a form acceptable to
Sea Oats, the $100,000 earnest money deposit shall be paid by the Escrow Agent
to the Macyotti Group [sic].  If the Macyotti Group [sic] elects to preserve
its right to seek specific performance of the Trust Contract, or fails to make
an election within the 60-day period provided above, then (i) the Macyotti
Group [sic] shall immediately pay to Sea Oats the sum of $100,000 and (ii) the
balance of the Escrowed Amount shall be immediately paid by the Escrow Agent to
Sea Oats.

 

(Emphasis added.)

            The
parties agree that the “Trust Contract” was ultimately approved by the court in
a separate proceeding.  As called for in the letter agreement, Macyoti
deposited $500,000 in escrow, and Sea Oats and Macyoti executed an assignment
agreement.  However, the Trust Contract never closed, apparently because an
unrelated lis pendens had been filed on the subject property.  As a result,
Macyoti sought specific performance from PST in a separate proceeding, which the
parties eventually settled.  However, Macyoti never explicitly made the
election or paid the additional $100,000 to Sea Oats as provided in the
emphasized portion of paragraph eight of the letter agreement.

Macyoti then sued Sea
Oats, seeking the return of its $500,000.  Sea Oats filed cross-claims for
breach of contract against both Macyoti and the Tijerinas, seeking, among other
things, the $100,000 payment as provided in paragraph eight of the letter
agreement.  Sea Oats’ cross-claim against the Tijerinas alleged that Macyoti
had forfeited its corporate charter for failing to file franchise tax reports
in accordance with the provisions of chapter 171 of the Texas Tax Code, and
that the Tijerinas were therefore personally liable for Macyoti’s debts.  See
id.  The Tijerinas later intervened as plaintiffs in the case “as
successors to Macyoti in the event that the Court finds the Charter of Macyoti
has been forfeited.”[1]

Sea Oats subsequently
filed (1) a hybrid traditional and no-evidence motion for summary judgment as
to Macyoti’s affirmative claims against it, and (2) a traditional motion for
summary judgment on its own affirmative claims against all three appellants. 
The Tijerinas filed their own traditional motion for summary judgment on their
affirmative claim against Sea Oats.[2] 
On December 8, 2009, the trial court rendered judgment granting all of Sea
Oats’ motions for summary judgment and denying the Tijerinas’ motion.[3] 
The final judgment awarded $100,000 in damages to Sea Oats, plus fees, costs,
and interest, assessed jointly and severally against all three appellants. 
This appeal followed.

II. 
Discussion

A.        Standard of
Review and Applicable Law

We review the trial
court’s granting of a traditional motion for summary judgment de novo.  See
Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex.
2003); Branton v. Wood, 100 S.W.3d 645, 646 (Tex. App.—Corpus Christi
2003, no pet.).  In our review, we determine whether the movant met its burden
to establish that no genuine issue of material fact exists and that the movant
is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c); Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211,
215 (Tex. 2002); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 678 (Tex. 1979).  The movant bears the burden of proof and all doubts
about the existence of a genuine issue of material fact are resolved against
the movant.  See Sw. Elec. Power Co., 73 S.W.3d at 215.  We take as true
all evidence favorable to the non-movant, and we indulge every reasonable
inference and resolve any doubts in the non-movant’s favor.  Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).

To recover for breach
of contract, a plaintiff must show (1) the existence of a valid contract, (2)
performance or tendered performance by the plaintiff, (3) breach of the
contract by the defendant, and (4) damages resulting from that breach.  See
Adams v. H & H Meat Prods., Inc., 41 S.W.3d 762, 771 (Tex. App.—Corpus
Christi 2001, no pet.); Pegasus Energy Group, Inc. v. Cheyenne Petroleum Co.,
3 S.W.3d 112, 127 (Tex. App.—Corpus Christi 1999, pet. denied).

B.        Macyoti
Corporation

            We first
address appellants’ second issue, by which they urge that the trial court erred
in granting summary judgment against Macyoti because there is a genuine issue
of material fact as to whether paragraph eight of the letter agreement was
invoked.

            Appellants
point specifically to the fact that paragraph eight requires, as a condition
precedent to the implementation of its election of remedies provision, that the
contract between Sea Oats and PST be “approved by the court but not close as
a result of [PST]’s default thereunder . . . ”
(emphasis added).  They argue that Sea Oats, in advancing its cross-claim,
never produced any evidence establishing that PST was at fault for the failure
of the “Trust Contract” to close.

In pleading the
performance or occurrence of conditions precedent, it is sufficient to aver
generally that all conditions precedent have been performed or have occurred.  Tex. R. Civ. P. 54.  When this general
allegation has been made, the party making it is only required to prove the
performance or occurrence of those conditions which are specifically denied by
the opposing party.  Id.; cf. Trevino v. Allstate Ins. Co., 651
S.W.2d 8, 11 (Tex. App.—Dallas 1983, no writ) (holding that, because the
plaintiff failed to plead generally that all conditions precedent have been
satisfied, she was not entitled to the benefit of the Rule 54 presumption, and the
burden of pleading and proving the satisfaction of each condition precedent
remained with the plaintiff).

In its cross-claim,
Sea Oats generally averred that all conditions precedent to enforcement of the
letter agreement, “if any, have occurred, have been performed, have been
waived, or have been excused.” [4] 
See Tex. R. Civ. P. 54. 
Although they raise the issue of PST’s default on appeal, appellants did not
specifically allege in the trial court that paragraph eight of the letter
agreement was inapplicable due to the failure of this condition.  Accordingly,
Sea Oats was under no obligation to prove that this particular condition was
satisfied.  See id.  We conclude that the trial court did not err in
granting Sea Oats’ motion for summary judgment with respect to its affirmative
claims against Macyoti.  Appellants’ second issue is overruled.

C.        Macarena
and Yolanda Tijerina

            By their
first issue, appellants argue that the trial court erred in granting Sea Oats’
motion for summary judgment on its affirmative claims against the Tijerinas. 
Appellants contend that, even if Macyoti was liable under the terms of the
letter agreement, there was “no evidence, much less conclusive evidence, that
would trigger personal liability” of the Tijerinas for the debts of Macyoti.

            Sea Oats’
affirmative claim against the Tijerinas is based on the theory that the
Tijerinas are personally liable for Macyoti’s debts under section 171.255 of
the tax code.  See Tex. Tax Code
Ann. § 171.255.  That chapter imposes a franchise tax on Texas
corporations.  Id. § 171.001 (West 2008).  The statute
provides that a corporation will forfeit its corporate status and privileges if
it, inter alia, fails to pay the tax or fails to file an annual public
information report.  Id. § 171.203 (West 2008).  Section 171.255 further provides:

If the corporate privileges of a
corporation are forfeited for the failure to file a report or pay a tax or
penalty, each director or officer of the corporation is liable for each debt of
the corporation that is created or incurred in this state after the date on
which the report, tax, or penalty is due and before the corporate privileges
are revived.  

 

Id. § 171.255(a).  It is
undisputed that, at some point prior to the rendering of the trial court’s
judgment, Macyoti forfeited its corporate charter pursuant to this section for
failing to file the required annual report.  See id.

            The
Tijerinas contend that they are not liable for Macyoti’s debt arising from the
letter agreement with Sea Oats because:  (1) that debt was “created or
incurred” on August 16, 2007, the date the letter agreement was signed; and (2)
the only evidence of Macyoti’s forfeiture, a certificate issued by the Texas
Secretary of State, indicates that forfeiture took place on August 7, 2009. 
According to appellants, because the debt was incurred prior to forfeiture, the
Tijerinas cannot be held personally liable for those amounts.  See id.

            In
response, Sea Oats does not address appellants’ argument on its merits; rather,
it contends that appellants failed to preserve the issue for our review.  Sea
Oats notes that, in general, when responding to a summary judgment motion, the
non-movant must expressly present, in writing, all issues that the non-movant
contends avoid the movant’s entitlement to summary judgment.  Mercier v. Sw.
Bell Yellow Pages, Inc., 214 S.W.3d 770, 775 (Tex. App.—Corpus Christi 2007,
no pet.) (citing McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d
337, 341 (Tex. 1993)); see Tex.
R. Civ. P. 166a(c) (“Issues not expressly presented to the trial court
by written motion, answer or other response shall not be considered on appeal
as grounds for reversal.”).  The Tijerinas’ response to Sea Oats’ affirmative
motion for summary judgment stated, in its entirety, as follows:

COMES NOW, Interveners [sic] Macarena
Tijerina and Yolanda Tijerina and make this their response to cross-defendant
[sic] Sea Oats Investments IV, LP’s motion for summary judgment and would show
the Court as follows:

 

As the sole
shareholders/members/directors of [Macyoti], Macarena Tijerina and Yolanda
Tijerina are entitled to the assets of the corporation pursuant to the
corporate trust fund doctrine.  At page 9 to the deposition of Macarena
Tijerina, (P’s Exh 1), she states that she is the president of Macyoti
Corporation and she and her sister, Yolanda Tijerina, are the sole members of
the corporation.

 

The corporate trust fund doctrine is
moralized [sic] in the case of Henry I. Siegel Co. v. Holliday, 663
S.W.2d 824 (Tex. 1984).  Corporate officers which are referred to as the board
of directors as trustees are charged with the duty to manage the corporate
assets and wind up corporate affairs.  This includes the duty to make a just
and equitable distribution of assets to the creditors first and then to the
stockholders.  Id. page 827, 828. Not [only] are Macarena Tijerina and
Yolanda Tijerina entitled to intervene for purposes of distribution of the
assets of the company, they are charged with that duty.  A lawsuit is an asset.

 

WHEREFORE, Macarena Tijerina and
Yolanda Tijerina pray that the Court deny the cross-defendant’s [sic] motion
for summary judgement.

 

Sea Oats argues
correctly that this response did not bring to the trial court’s attention the
defense to summary judgment that the Tijerinas now assert on appeal.

            We
disagree that the Tijerinas were obligated to raise this specific issue before
the trial court.  “In a nonjury case, a complaint regarding the legal or
factual insufficiency of the evidence . . . may be made for the first time on
appeal in the complaining party’s brief.”  Tex.
R. App. P. 33.1(d).  The Tijerinas’ assertion on appeal that Sea Oats
failed to produce evidence as to when the debt was “created or incurred” is
akin to a “complaint regarding the legal . . . insufficiency of the evidence”
supporting summary judgment.  See id.  That is because, as we have
noted, the burden is initially on the summary judgment movant to establish that
no genuine issue of material fact exists and that the movant is entitled to
judgment as a matter of law with respect to each element of its claim.  Tex. R. Civ. P. 166a(c); Sw. Elec.
Power Co., 73 S.W.3d at 215.  Even if the Tijerinas had filed no response
at all to Sea Oats’ summary judgment motion, Sea Oats would still have retained
the burden to establish every element of its claim as a matter of law if it
wished to obtain traditional summary judgment as to its affirmative claims.  See
Tex. R. Civ. P. 166a(c).  Sea
Oats failed to do that.  And, under Texas Rule of Appellate Procedure 33.1(d),
the Tijerinas were not prohibited from pointing out this evidentiary deficiency
for the first time on appeal.  See Tex.
R. App. P. 33.1(d).

            We
conclude that there is a genuine issue of material fact as to whether Macyoti’s
debt under the letter agreement was “created or incurred in this state after
the date on which the [non-filed] report . . . [was] due and before the
corporate privileges [were] revived.”  See Tex. Tax Code Ann. § 171.255(a).[5] 
Accordingly, summary judgment in favor of Sea Oats’ on its affirmative claims
against the Tijerinas was error.  See
Tex. R. Civ. P. 166a(c).  We sustain appellants’ first issue.[6]

III. 
Conclusion

            We reverse the
trial court’s summary judgment in favor of Sea Oats with respect to Sea Oats’
affirmative claims against Macarena and Yolanda Tijerina, and we remand for
further proceedings, consistent with this opinion, as to those claims.  The
remainder of the trial court’s judgment is affirmed.

 

                                                                                                

DORI
CONTRERAS GARZA

                                                                                                Justice

 

 

Delivered and
filed the 

23rd day of August,
2011.









[1]
The parties acknowledge that Macyoti’s corporate charter was reinstated at some
point during the pendency of this appeal.

 





[2]
The Tijerinas did not file a motion for summary judgment with respect to the
affirmative claims made by Sea Oats against them.

 





[3]
Appellants do not contend on appeal that the trial court erred by granting Sea
Oats’ motion for summary judgment with respect to appellants’ affirmative
claims.





[4]
In answering Macyoti’s suit, Sea Oats alleged that “Macyoti is not entitled to
some or all of the legal and/or equitable relief requested [t]herein, because
Macyoti materially breached the terms of the Trust Contract, by failing to
close in accordance with the express provisions thereof.”  According to
appellants, this assertion conflicts with Sea Oats’ general averment under
Texas Rule of Civil Procedure 45 which implied that PST, not Macyoti, defaulted
on the “Trust Contract.”  Appellants argue as part of their second issue that
Sea Oats cannot simultaneously assert, in different pleadings, that:  (1)
Macyoti “materially breached” the Trust Contract; and (2) that PST defaulted
under it (i.e., one of the conditions precedent to enforcement of paragraph
eight of the letter agreement).  We disagree.  It is not inconsistent to claim,
as Sea Oats does by inference, that both Macyoti and PST breached the
Trust Contract.  Moreover, “[j]udicial estoppel does not apply to contradictory
positions taken in the same proceeding.”  Pleasant Glade Assembly of God v.
Schubert, 264 S.W.3d 1, 6 (Tex. 2008) (citing Galley v. Apollo
Associated Servs., Ltd., 177 S.W.3d 523, 529 (Tex. App.—Houston [1st Dist.]
2005, no pet.)).  Sea Oats was not precluded from asserting that all conditions
precedent to paragraph eight had been satisfied.  See id.





[5]
Despite our conclusion that Sea Oats presented no evidence establishing that
Macyoti’s debt was “created or incurred” after forfeiture, we do not render
judgment in favor of the Tijerinas because they did not move for no-evidence
summary judgment with respect to Sea Oats’ affirmative claims against them.  See
Tex. R. Civ. P. 166a(i) (stating
that a motion for no-evidence summary judgment must be granted “unless the
respondent produces summary judgment evidence raising a genuine issue of
material fact”).

 





[6]
Appellants further argue by their first issue that the trial court’s judgment
must be reversed because the only evidence that Macyoti forfeited its corporate
charter—a certificate executed by the Texas Secretary of State—does not appear
in the appellate record.  However, that certificate, which was attached as an
exhibit to Sea Oats’ summary judgment motion, has been included in a
supplemental clerk’s record.

 

At oral argument, appellants’ counsel asserted that
the certificate of forfeiture, though appearing in the supplemental clerk’s
record, was in fact not attached to the version of Sea Oats’ summary judgment
motion that was reviewed by the trial court.  However, the supplemental clerk’s
record is part of the appellate record, see Tex. R. App. P. 34.5(c)(3), and there is nothing in the
record indicating that the trial court did not consider the certificate in
making its ruling.  Accordingly, we consider the certificate to be part of the
summary judgment evidence produced by Sea Oats.